McLELLAN *versus* LONGFELLOW *and trustee.*

Solicitors, counselors and attorneys are not permitted to disclose, without the assent of their clients, any communication made to them in reference to their professional employment.

To entitle a client to this protection, it is not essential that he be apprized of it, or that he enjoin secresy.

This protection extends to all communications made with a view to obtain professional aid or advice.

TRUSTEE DISCLOSURE.

A disclosure had been made by the trustee, and proofs had been introduced to control it. The case is sufficiently unfolded in the opinion of the court, given by

HOWARD, J. — The supposed trustee presents this case upon exceptions to the rulings and decision of the Judge of the District Court, and insists that the whole matter as to his liability, embracing fact and law, may be re-examined and determined by this court. This may be done, "when in the discretion of the court justice shall require it." Stat. 1849, c. 117, § 2.

Upon an examination of the disclosure, and other proof introduced in the District Court, under the provisions of the R. S. c. 119, § 33, and amendment, 1842, c. 31, § 15, we are

satisfied that justice does not require that the exceptions should be sustained, so far as to open the case for re-examination and decision.

The testimony of Merrill, an attorney and counselor at law, was received and considered by the Judge of the District Court, in forming his decision, as stated in the exceptions. It appeared, that the parties resided in Bath, where Merrill was in the practice of law. He states in his deposition, that the defendant, " Hannibal Longfellow, came into my office in said Bath, and said to me, that he was going to make a sale of his interest in the Sagadahock ferry, and his furniture in his house, to John B. Glass, and wanted me to draw a bill of sale of the same, that he was somewhat embarrassed, and he did'nt know but they might be attached, that he and said Glass should agree upon the terms before coming into my office, and that they should hold no conversation in my hearing in relation to it, so that I could not be made a witness against them. That afterwards on the same day, said Longfellow came into my office, with said Glass, and requested me to make the bill or bills of sale, which I did as requested. That while drawing said bill or bills of sale I inquired of said Longfellow and Glass as to the terms to be inserted, on which said Longfellow took said Glass aside at two different times, once into the entry of said office, and once to a distant part of said office, and talked with said Glass in a low tone of voice, which conversation said deponent did not hear, but said Longfellow returned at each time after said private conversation and gave directions in presence of said Glass, as to the terms to be inserted, which was done according to his directions ; that said deponent had reason to believe from the circumstances, that said conversations were relative to said sale." There were other portions of the deposition not material to the point now under consideration.

It is contended that these statements of the witness reveal a part of the professional intercourse between client and attorney, which should not be disclosed by the latter.

Attorneys, counsel and solicitors are not at liberty to divulge

communications made to them, in reference to their professional employmeat.    The law will not compel them to make the disclosure, nor will courts permit it to be made without the assent of their clients.

To entitle a communication to this privilege, it is not essential that it should be made under any special injunction of secresy, or that the client should understand the extent of the privilege.    But if it be made with a view to professional employment, and in reference to such employment in legal proceedings pending, or contemplated, or in any other legitimate professional services, wherein professional advice or aid is sought respecting the rights, duties, or liabilities of the client, it will fall within the privilege, and cannot be disclosed by counsel.    This, however, is a rule of law for the protection of the client, which he is at liberty to waive.    Bul. N. P. 284 ; *Cromack* v. *Heathcoate,* 2 Brod. & Bing. 4 ; *Shellard* v. *Harris,* 5 Carr. & Payne, 592 ; *Greenough* v. *Gaskell,* 4 Mylne & Keene, 98 ; Story's Eq. Pl. sect. 600 ; *Bank of Utica* v. *Mesereau,* 3 Barb. Ch. 592—600 ; *Parker* v. *Carter,* 4 Mumf. 273 ; *Foster* v. *Hall,* 12 Pick. 89 ; *Aiken* v. *Kilburne,* 27 Maine, 263 ; 1 Phil. Ev. 131 ; 1 Greenl. Ev. sec. 240.

In *Hatton* v. *Robinson,* 14 Pick. 424, it was held that the communication was not privileged, because it was made without any particular assignable motive, or in order to satisfy the attorney upon a point of fact, and not for the purpose of obtaining professional information.    But in this case such was not the character or object of the communications to the counsel.

We can have no doubt that these disclosures were made to the attorney in reference to his professional employment, sought and obtained in the line of his profession, and that they would not have been made to him but for such employment.    They constitute a part of the professional intercourse between the defendant and his attorney, which the latter could not properly reveal.

But excluding the testimony of the áttorney, there will still remain evidence, sufficient, in the opinion of the court, to

show that Glass had in his possession goods and effects of the principal defendant, which he holds under a conveyance that is not *bona fide*, but fraudulent as to creditors of the defendant. Under the provisions of the Revised Statutes, c. 119, sect. 69, he is chargeable as trustee. *Page* v. *Smith*, 25 Maine, 256.

The exceptions, though sustained in reference to the ruling of the Judge of the District Court, respecting the testimony of the attorney, in other respects must be overruled, and the judgment below is affirmed.

*Merrill*, for the plaintiff.

*Gilbert*, for the trustee.