## JOHN FISHER

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 17, 1882.*

1.  EVIDENCE—CRIMINAL LAW—*sufficiency of proof of sale of liquor.* On the trial of one for selling liquor without a license, the testimony of a witness that the defendant at a certain time kept a billiard hall in the place, and sold cider, pop and cigars, but that he did not know whether the defendant sold liquor or not, fails to show any violation of law.

2.  SAME—*sale of liquor by another—proprietorship of defendant to be shown.* The testimony of a witness that at certain times he bought liquor at the defendant's place from one S. while the defendant was absent, without any proof that the defendant was the proprietor of the establishment at the time, will not authorize the conviction of the defendant for such sales.

3.  SAME—*of evidence to show the time of an occurrence by one who had heard of it.* A witness testified that he had obtained liquor from the defendant several times in the summer and fall of 1878, which was within the period of limitation, and on cross-examination admitted he had had a difficulty at the defendant's place of business, and that defendant ordered him out of his house, but could not exactly remember in what year that occurred, but thought it was in 1876. The defendant called a witness who testified that he knew the former witness, and heard something about he and defendant having a difficulty. This being objected to, the defendant's counsel said: "We propose to show that in the spring of 1877" defendant and the former witness "had a difficulty, and then go further, and show that he was not in defendant's place of business after that." The court, on objection, refused to allow the same to be proven: *Held,* that the court erred in refusing this evidence, as it tended to show that sales were not made within eighteen months before the indictment.

4.  SAME—*to fix date of a transaction.* It is a well known rule of evidence, that as a means of fixing the date of a given transaction, it may be proven by a witness that at a given time he heard of the occurrence.

5.  NEW TRIAL—*newly discovered evidence.* A defendant convicted of selling liquor, on the testimony of a witness showing such sale in 1878, moved for a new trial, the motion being based upon his affidavit that since the trial he had a conversation with the witness, who told affiant that he was mistaken as to the year of the sales, and that he had not bought any liquor of affiant since the early part of the spring of 1877, any sale prior to that time being barred, and that such witness would so testify on a new trial. The affidavit of the witness was not produced, but its absence was satisfactorily

accounted for, and an offer to procure the same was made, if the court would withhold its decision to a later day, which the court refused to do, and denied the motion: *Held*, that the court should have given further time, or have granted the motion for a new trial.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Iroquois County; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. RUBENS & HIESTAND, and Mr. THOMAS W. D. CRANE, for the plaintiff in error, reviewed the evidence at some length to show that it failed to sustain the verdict.

Proof of the sale of beer is not sufficient. The statute relates only to intoxicating liquor, and whether the liquor is such is a question of fact to be proved. *State* v. *Starr*, 67 Maine, 242; *Commonwealth* v. *Chappell*, 116 Mass. 7; *Lathrop* v. *State*, 50 Ind. 555; *People* v. *Ziegler*, 6 Park. C. R. 355; *Klare* v. *State*, 43 Ind. 483; *State* v. *Bloss*, 116 Mass. 56.

The court can not take judicial notice that the kind of beer sold is intoxicating. This must be proven before a conviction is had for its sale. *Klare* v. *State*, 43 Ind. 483; *Lathrop* v. *State*, 50 id. 555; *State* v. *Chappell*, 116 Mass. 7; *State* v. *Boss*, id. 56; *State* v. *Starr*, 67 Maine, 242; *State* v. *Wall*, 34 id. 165.

The death of the sole counsel for a prisoner shortly prior to the term of the court, was a sufficient reason at least for granting time to procure the affidavit of the witness on the motion for a new trial, and when sufficient reason is shown for the non-production of the affidavit of the witness, the party's own affidavit is entitled to consideration. *Suggs* v. *Anderson*, 12 Ga. 461; *Welsh* v. *State*, 11 Texas, 368.

Although the rules for the granting of new trials are substantially the same in criminal as in civil cases, still the courts hold that new trials should be more freely awarded in criminal cases than in civil. *State* v. *Tomlinson*, 2 Iowa, 401; *State* v. *Hammond*, 5 Strob. 91; *Phipps* v. *State*, 3 Cold. 344.

And in criminal cases the more freely in proportion to the gravity of the punishment. *Falk* v. *People*, 42 Ill. 331; *Quarles* v. *State*, 1 Sneed, 407; *Troxdale* v. *State*, 9 Humph. 411.

Mr. JAMES McCARTNEY, Attorney General, for the People:

The finding of the Appellate Court as to the facts is final and conclusive. *Tenney* v. *Foote*, 95 Ill. 99.

The plaintiff in error, by the use of due diligence, might have developed the facts on the trial which were urged for a new trial, and the affidavit of the witness should have been produced.

Counsel also commented upon the evidence, contending that it justified the verdict.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment, in the circuit court of Iroquois county, against John Fisher, for selling liquor without a license. The indictment contained nineteen counts, and was returned into court by the grand jury November 9, 1878. At the November term, 1880, a trial was had before a jury, which resulted in a verdict of guilty on ten counts of the indictment. The court entered a fine of $500 against the defendant, and sentenced him to two hundred and fifty days' imprisonment in the county jail.

On the trial of the cause four witnesses were called by the People. First, Daniel Gress. He states that the defendant, in the summer and fall of 1878, kept a billiard hall in Loda, and sold cider, pop and cigars, but he don't know whether the defendant sold liquor or not. Fritz Reineke was the next witness, and he has no knowledge of any sale of liquor by the defendant. The next witness was Theo. J. Foster. He testified that in 1877 or 1878 he had liquor at the defendant's place from one Stewart, while the defendant was absent in Pennsylvania. As to the first two witnesses, it can not be

seriously claimed that any violation of law was proved by their evidence. As to Foster's evidence, he says he purchased liquor of Stewart, but whether it was more or less than eighteen months before the finding of the indictment is uncertain, hence can not be relied upon to sustain a conviction. Besides, it was not shown that the defendant was the proprietor of the establishment at the time. If he was not, of course he could not be held liable for a sale made by Stewart. There was, therefore, no evidence before the jury upon which a conviction could be claimed, except that of Martin Ryan, who was the fourth witness for the People. He testified that he purchased liquor of defendant in the fall and summer of 1878, as many as six times,—that he purchased beer as many as six times. On cross-examination this witness admitted that he and the defendant had a difficulty at defendant's place of business, and that Fisher ordered him out of his house, but he says, "don't exactly remember what year it was." Later in his evidence he thinks it was in 1876.

After the People had closed their evidence the defendant called a witness, who testified that he knew Ryan; heard something about he and Fisher having a difficulty. This evidence being objected to, the defendant then offered to prove the following: "We propose to show that in the spring of 1877 Fisher and Ryan had a difficulty, and then go further and show that he was not in Fisher's place of business after that." This testimony was objected to by the attorney for the People, and the objection sustained by the court. When Ryan was on the stand he admitted that he had at one time a difficulty with Fisher, and that he had been ordered out of his place of business, but he did not remember when it occurred. Now, if this difficulty took place in the spring of 1877, and the witness was not in the defendant's place after that, he was doubtless mistaken when he testified that he purchased liquor in defendant's place in 1878, and this was

an important fact for the defendant to establish, and we perceive no objection whatever to the offered evidence. Indeed, it was error to reject the offered evidence. If the defendant had been able to prove that the difficulty took place in 1877, and that Ryan was not in his house after that time, as he offered to do, the jury could not, under the evidence, without disregarding its legitimate bearing, return a verdict of guilty. If this offered evidence was true, then no sale occurred within eighteen months prior to the finding of the indictment. We think it is plain that the rejection of this offered evidence prevented defendant from having a fair trial.

It may, however, be said that the remarks of the court, after the rejection of the offered evidence, may be regarded as a retraction of the ruling first made; but the ruling to which the court allowed an exception is entirely inconsistent with the remarks afterwards made by the judge. Even if the remarks be regarded as a retraction of the former ruling, still the defendant was denied a means of making out his defence. The fact that the witness and defendant had a difficulty, would be of no significance in such connection unless the date of the difficulty could be established. It is a well known rule of evidence that as a means of fixing the date of any given transaction, you may prove by a witness that at a given time he heard of the occurrence. The question asked was an appropriate mode of approaching that subject, and should have been permitted.

On the motion for a new trial the defendant read his own affidavit, in which he, in substance, stated that since the trial he had a conversation with the witness Martin Ryan, who told affiant that he was mistaken in regard to the time he testified that he bought liquor of affiant; that Ryan informed affiant that he did not obtain liquor of him at his place after the early part of the spring of 1877; that if a new trial is granted Ryan will appear and testify to such fact. The affidavit of the witness was not produced, but the defendant accounts for its

non-production in a satisfactory manner, and offered to pro-
duce it within a reasonable time, if the court would withhold
its decision on the motion to a later day of the term. The
court, however, refused to grant the request, and overruled
the motion for a new trial. We are of opinion that it was
the duty of the court either to have allowed the motion for a
new trial, or postponed the hearing of the motion until the
defendant had a reasonable time to produce Ryan's affida-
vit. The defendant could not, under the indictment, be con-
victed of any sale of liquor made prior to May 9, 1877, and
if it be true, as the defendant showed in his affidavit, that
Ryan had become satisfied that he had made a mistake, and
had not purchased liquor of defendant in 1878, then the con-
viction, which was based solely on the evidence of Ryan,
ought not to stand. It is no doubt the general rule, and a
good one, that before a new trial should be granted upon
newly discovered evidence, the affidavit of the witness who
will testify must be produced, that the court may know that
such witness will, upon another trial, testify as the party
represents. But under the circumstances of this case it is
plain that the defendant ought to have had an opportunity
to produce the affidavit of Ryan.

After a careful examination of the whole record, we do not
think the defendant has had such a trial as the law contem-
plates he should have, and for the error indicated the judg-
ment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT, dissenting:

At the November term, 1878, of the circuit court of Iro-
quois county, defendant was indicted for unlawfully selling
intoxicating liquors in a less quantity than one gallon, not
having a legal license to keep a "dram-shop." On the trial
before a jury defendant was found guilty on ten counts con-
tained in the indictment. The sentence of the court was, he
should pay a fine of $50 on each count on which he was found

guilty, and in addition to the fine imposed the court sentenced him to a term of imprisonment in the county jail of twenty-five days on each count on which he was convicted. That judgment was affirmed by the Appellate Court for the Second District, and defendant brings the case to this court on error.

One ground relied on for a reversal of the judgment is, that the verdict is not supported by the evidence. On this point counsel for the People insist the finding of the facts by the circuit and Appellate courts is conclusive on this court, and as the statute declares no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Court upon controverted questions of fact in any case, excepting those enumerated in section 88 of the Practice act, this court is forbidden to pass upon the error assigned that challenges the correctness of the finding of the facts by the Appellate Court. Conceding, as may be done, that under the Practice act the Supreme Court may still review the evidence to ascertain whether the accused is guilty or not, in cases of misdemeanor that may come to this court from any of the Appellate Courts, as was done before the amendment of section 88 by the act of 1879, I think the judgment may and ought to be affirmed, on the testimony of the witness Ryan alone, if all other testimony introduced by the prosecution should be disregarded. It may be his testimony was somewhat contradictory, but his credibility was a question for the jury trying the case.

Giving credit to the testimony of Ryan, as was the province of the jury to do, the sales of whisky and beer testified to by him would fully sustain the conviction on ten counts. The witness distinctly testified as to the sales of beer, but it is objected it was not proved what kind of beer it was,— whether it was malt beer or some fermented liquors called beer, the sale of which is not prohibited by law. If the beer the sales of which were proved, was malt beer, its sale is prohibited by statute, and would justify the conviction. No

doubt the jury understood the witness when he stated he had bought *beer* of defendant, to use the word in the sense it is most commonly used, to mean a malt liquor, the sale of which is forbidden by law. It seems to me the jury might very properly understand the witness when he used the word *beer* to mean the malt liquor so generally used as a beverage. Defendant knew what kind of beer he had sold, and had he understood the witness to mean any kind of beer made by fermentation the sale of which is not unlawful, it seems certain defendant would have had him explain his meaning. It may, therefore, be reasonably concluded that both the jury and defendant understood the witness, in speaking of beer, to mean a malt liquor.

No error is perceived in the action of the court in the rejection of evidence offered by defendant. The witness produced was permitted to state he had heard there had been a difficulty between the witness Ryan and defendant, but when asked from whom he heard it, the court sustained an objection to the question. In that there was clearly no error. It was a matter of no consequence from whom he heard of the difficulty. The fact there had been a difficulty between them was all that was important, and that the witness was permitted to and did state. Counsel for defendant then said to the court: "We propose to show that in the spring of 1877 Fisher and Ryan had a difficulty, and then to go further and show that he was not in Fisher's place of business after that." Objection was made to the giving of the testimony proposed to be given, which was sustained, but the court *immediately* thereafter stated what defendant might prove, as follows: "I do not hold that you can not show the date or time that Fisher had a difficulty with the witness Ryan, and that the witness Ryan was not in Fisher's place of business after that. I only hold that what you state is no reason why this witness should be allowed to state who he heard tell that the witness Ryan and Fisher had a difficulty, and you may

show that after that time he was not in Fisher's place of business." Even if it be conceded it was improper to sustain the objection to the testimony proposed to be given, the court *immediately, instantly* thereafter, corrected its mistake, and stated clearly and distinctly that defendant might give the *very testimony* proposed to be given, and yet defendant did not avail of the permission given by the court to introduce the testimony which he claimed to be able to do. Certainly it is not error if the court inadvertently rejected proper evidence if the court instantly corrects its mistake, and grants permission to introduce the testimony proposed to be given. It would seem to be sufficient if the court at any time during the progress of the trial corrected its error, but when it is done *instantly*, as was done in this case, before any other proceedings were had, I do not understand how it is possible to hold the defendant was prejudiced in the slightest possible degree by the decision of the court.

Nor was there any error in the action of the court in overruling the motion for a new trial on the ground of newly discovered evidence. It is stated in the affidavit on which the motion is based, that defendant had a conversation with the witness Ryan, in which the witness stated to defendant he was mistaken in regard to the time when he testified he bought intoxicating liquors of defendant, and that he did not obtain any after a settlement between witness and defendant, early in the spring of 1877. Some excuse—but not a very satisfactory one—is given for not obtaining the affidavit of Ryan to the truth of the statement contained in the affidavit on which the motion is based, but defendant himself does not even state that what he expects the witness Ryan would swear to on another trial would be the truth, and the court very properly disregarded his affidavit in toto.

I am of opinion the judgment should be affirmed.

Mr. JUSTICE SHELDON concurs in the dissenting opinion.