MATILDA R. GREENE & others *vs.* JOHN S. FARLOW.

Suffolk. Nov. 13. — 17, 1884. FIELD, DEVENS, & COLBURN, JJ., absent.

It is within the discretion of the Superior Court, under the Pub. Sts. c. 153, § 6, to set aside the verdict and order a new trial in an action, for the omission of the plaintiff's attorney, by reason of forgetfulness, to put in evidence a deed of land which was material to his cause of action ; and no exception lies to the exercise of such discretion.

WRIT OF ENTRY. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the tenant; and the demandants moved that the verdict be set aside and a new trial ordered, for the following reasons : " That by accident and mistake they omitted to put in evidence a quitclaim deed from Thomas W. Sumner, husband of Elizabeth Sumner, their ancestor, to John Hubbart, dated November 17, 1818, and recorded with Suffolk registry of deeds, lib. 262, fol. 285; that said deed covered and purported to convey the demanded premises, and is deemed essential to the proper determination of their rights."

At the hearing of the motion the following was the only affidavit submitted by the demandants in support of their motion :

" I, Edward Avery, on oath depose and say, that, in the trial of the case of Matilda R. Greene *et al. v.* John S. Farlow, I was prepared and expected to introduce in evidence, as tending to show that the right of entry first accrued to my clients in 1849, the record of a deed of quitclaim from Thomas W. Sumner, husband of Elizabeth Sumner, to John Hubbart, dated November 17, 1818, and recorded with Suffolk deeds, lib. 262, fol. 285; that I deem the evidence of great importance in properly determining the rights of my clients, and that it was omitted by my accident and mistake."

The tenant requested the judge to rule that the motion and affidavit in support thereof were insufficient ; but he refused so to rule, and directed the hearing to proceed. Further evidence was then introduced ; and the judge found that the facts of the " accident and mistake " alleged as a cause for a new trial in the affidavit were as follows :

The deed described in said affidavit was known before the trial to Mr. Avery, then acting as counsel of the demandants, was

relied upon by him to sustain the demandants' cause of action, and he prepared and intended to put in evidence the deed, by means of a public record of the same legally made. In the trial of the action, the demandants rested their case without offering said deed in evidence ; the tenant put in no evidence ; and, by order of the judge, who ruled that, upon the demandants' case, they could not maintain the action, the jury returned a verdict for the tenant.

Mr. Avery, on the day when the verdict was returned and recorded, discovered that, in conducting the trial on the part of the demandants, he had not put in evidence said deed. His omission to put the deed in evidence was caused by his forgetting to do so. The deed afforded evidence material and important to the demandants' case in the trial thereof.

The judge, upon finding these facts, ruled that the omission of Mr. Avery to put the deed in evidence, by reason of his forgetting to do so, constituted, in legal effect, such " accident and mistake " in the trial as authorized the judge to set aside the verdict, and to order a new trial of the action ; and an order to that effect was thereupon made. The tenant alleged exceptions.

*R. D. Smith & F. C. Lowell*, for the tenant.

*E. Avery & G. M. Hobbs*, for the demandants, were not called upon.

By THE COURT. The power is vested in the Superior Court, in its discretion, to set aside the verdict in any case tried in that court, and to order a new trial, for any cause for which a new trial may by law be granted. Pub. Sts. c. 153, § 6. This includes a case where that court is satisfied that, by reason of some accident, mistake, or misfortune in the conduct of the trial, a new trial is necessary to prevent a failure of justice. *Cutler* v. *Rice*, 14 Pick. 494. The motion of the demandants, and the affidavit in support of it, state a case which authorized the Superior Court to grant a new trial, if it was satisfied that justice required it. The motion is addressed to the discretion of that court ; and its decision, in the exercise of that discretion, is not open to exception, and cannot be revised by this court.

*Exceptions overruled.*