## STATE *v.* STONE *and* MERCHANT.

An indictment, which charges the respondent with procuring the commission of an assault with intent to kill and murder, is sustained by proof that he hired and procured the commission of an assault.

It is no excuse for one who hires another to commit an assault and battery, that the battery was more serious than the hirer, in fact, intended it should be.

INDICTMENT, against Merchant for an assault, October 9, 1887, upon one Brackett, with intent to kill, and against Stone for hiring and procuring Merchant to commit said assault. The evidence for the state tended to show that Merchant committed the assault,

and that Stone offered him five dollars " to give Brackett a lick-ing." The defendants requested the court to charge the jury that, if the offence of Stone was that he hired, etc., Merchant " to give Brackett a licking," he cannot be convicted upon an indictment which charges him with intent, feloniously, and with malice afore-thought, to kill and murder him. The court declined so to charge, but did instruct the jury, that if, upon the evidence, they were satisfied beyond a reasonable doubt that Merchant committed the assault upon Brackett, and that Stone hired and procured him to commit the assault, it was no excuse for Stone that Merchant committed an assault of a more aggravated nature than Stone intended. To the refusal to instruct and to the instructions given, the defendants excepted.

The state called one Smart, an attorney at law, who testified that in October, after the assault, he was employed by one Emery to do some business with Stone, and that after the Emery business was through with, Stone made use of certain threatening language against Brackett. The defendants excepted, on the ground that it was the disclosure of a privileged communication. The same witness said, on cross-examination by counsel for the defendants, that " Foote [an attorney who had assisted the state's counsel in looking up testimony] knew there was trouble between Brackett and Stone ; " to which the defendants excepted. After a verdict of guilty, the defendants moved for a new trial (1) on the ground of newly discovered evidence, (2) for misconduct of jurors, and (3) for accident and misfortune specified in the motion. This motion was heard, upon evidence, by the court at the trial term, and denied. The defendants excepted.

*J. H. Hobbs*, for the defendants.

*The Attorney-General* and *F. E. Elder*, for the state.

ALLEN, J. Smart's testimony to Stone's threat disclosed noth-ing in violation of the rule protecting communications between attorney and client as privileged. The threat revealed a contem-plated violation of law, and was not made as a part of any business or confidential interview. *Patten* v. *Moor*, 29 N. H. 169; *Cham-berlain* v. *Davis*, 33 N. H. 121, 131; *Sleeper* v. *Abbott*, 60 N. H. 162; *McLellan* v. *Longfellow*, 32 Me. 496; *Coveney* v. *Tannahill*, 1 Hill 33. It was not open to the respondent to object to Smart's statement, elicited on cross-examination, that " Foote knew there was trouble between Brackett and Stone." The remark was not hearsay, and was made in explanation of Smart's causing Foote to be summoned as a witness.

The exception of Stone to the refusal to give the instruction, that he could not be convicted upon evidence of his hiring and procuring Merchant to give Brackett a licking, cannot be sustained.

The instruction, if given, would have been misleading, and might have been understood by the jury as calling for a limitation of the evidence against Stone to the particular fact recited, and as pronouncing Stone's innocence from that fact, as a conclusion of law, instead of a submission to the jury of the question, upon all the evidence upon the subject, as one of fact. There was no error of law in refusing the request.

The instruction given—that if Merchant committed the assault, and Stone hired and procured him to commit an assault upon Brackett, it was no excuse for Stone that Merchant committed an assault of a more aggravated nature than Stone intended—was a general statement of the proposition that Stone must be presumed to have intended the probable consequences of his act, and must have been so understood by the jury. If Stone's offence was hiring Merchant to give Brackett so severe a beating that death would be a probable result, he was guilty of the crime charged. The probable consequence of the solicited act is a question of fact, and there was no request that this question of fact be specifically submitted to the jury. Although it was not in terms submitted, neither was it withdrawn from the consideration of the jury; and if the respondent desired more specific instructions upon the subject of probable consequence, as a question of fact, and did not make the request, he cannot now complain, and there is no cause for a new trial.

The exception to the denial of the respondents' motion for a new trial upon grounds of accident, mistake, and misfortune, and because justice has not been done, presents no question of law; and, ordinarily, a question of fact of this kind will not be decided at the law term, nor the decision of it at the trial term be revised here. *Brooks* v. *Howard*, 58 N. H. 91; *Buzzell* v. *State*, 59 N. H. 61.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.