## Cox *v.* Leviston & *a.*

66  167
72  217
72  219

A decision of the court at the trial term granting a new trial upon a petition under the statute, will be reversed at the law term when it appears that there was no evidence upon which a new trial could be legally granted.

When a question of fact raised upon a motion for a new trial has been once decided, it will not be reconsidered upon the same motion.

Upon hearing a petition for a new trial under the statute, the judge at the trial term reported that there was reason to believe a mistake was made in a certain finding of fact at the original trial of the cause. *Held*, not sufficient to warrant the granting of a new trial.

When it does not appear that the trier of the cause was influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake, the remedy for any other supposed mistake must be sought before judgment, and not left to a motion for a new trial.

PETITION, for a new trial of the cause reported 63 N. H. 283. The petition sets forth a variety of grounds upon which it is claimed that justice has not been done, through accident, mistake, and misfortune, and that a further hearing would be equitable. The petition was heard at length at the trial term, and a full report of the findings, and of the evidence upon which they were made, was incorporated in the reserved case. The material portions of the report appear in the opinion. The court granted the prayer of the petition, allowing a new trial to the plaintiff, and the defendants excepted.

*W. L. Foster* and *F. D. Currier*, for the plaintiff.

*Bingham, Mitchell & Batchellor* and *J. H. Albin*, for the defendants.

SMITH, J. A new trial was granted at the hearing on this petition because justice has not been done through accident, mistake, or misfortune, and a further hearing would be equitable. G. L., c. 234, s. 1. If the finding is one of fact, it is conclusive, unless upon the facts and evidence reported it appears that there is no competent evidence to support it; and the question is, whether such accident, mistake, or misfortune has been shown as will entitle the plaintiff to the relief prayed for. The specific reasons reported for granting a new trial are three: 1. A mistake was made by the plaintiff's counsel in their understanding of that part of the reserved case relating to Dyer's declarations. 2. There is reason to believe a mistake was made in the finding that there was no way by prescription for the plaintiff. 3. There is reason to believe that the omission of a finding of notice to the defend-

ants of the plaintiff's use of the way, and of the claim or right
under which he used it, was a mistake.

1. The evidence as to Dyer's declarations was excepted to.
The question of its competency need not be considered, nor the
question whether by the words "accident, mistake, or misfortune,"
as used in the statute, is meant such error or mistake as results
from fortuitous circumstances, and not such as arises from error of
judgment, or from misapprehension on the part of counsel in refer-
ence to the points of the case as they arise in the course of the trial
(*Handy* v. *Davis*, 38 N. H. 411, 415, *Heath* v. *Marshall*, 46 N. H.
40, and see *French's Petition*, 17 N. H. 472, and *Bergeron* v. *Bank*,
62 N. H. 655). If the mistake made by counsel furnishes cause
for a new trial, the plaintiff cannot now avail himself of it, the
point having been raised and decided against him upon the case
saved and reported in 63 N. H. 283. Like a question of law once
decided at the law term, it is not reconsidered in the same case
except on a motion for a rehearing. *Plaisted* v. *Holmes*, 58 N. H.
619; *Bell* v. *Lamprey*, 58 N. H. 124; *Bell* v. *Woodward*, 48 N. H.
437, 443; *Russell* v. *Dyer*, 43 N. H. 396; *Carter* v. *Jackson*, 58
N. H. 156; *Amoskeag Co.* v. *Head*, 59 N. H. 332, 337; *Preston* v.
*Ins. Co.*, 59 N. H. 49. So where a motion to set aside a verdict
for error in the ruling of the judge, or because the verdict was
against evidence, is overruled on a case reserved, a subsequent
motion to set aside the verdict on the ground that by accident,
mistake, or misfortune justice has not been done, and founded on
matters embraced in the original exceptions, will be denied upon
the ground that the matter has been adjudicated. *Wright* v. *Boyn-
ton*, 40 N. H 353, 357; *Hale* v. *Railroad*, 61 N. H. 641.

2. The conclusion that "there is reason to believe a mistake
was made in the finding of no way by prescription for the plain-
tiff" does not bring the case within the rule for granting new
trials. A verdict or award is not set aside unless the conflict
between it and the evidence upon which it is founded is so strong
that it can be seen that the tribunal was influenced by passion,
prejudice, partiality, or corruption, or unwittingly fell into a plain
mistake. *Free* v. *Buckingham*, 59 N. H. 219, 223; *Clark* v. *Cong.
Society*, 45 N. H. 331; *Rand* v. *Redington*, 13 N. H. 72; *Fuller* v.
*Bailey*, 58 N. H. 71; *Jewell* v. *Railway*, 55 N. H. 84, 95. There
is no such finding in this case. The witnesses who testified at the
trial in 1884, and the notes of their testimony as taken by a short-
hand reporter, were excluded at the hearing on this petition. The
case reserved at the trial in 1884 contains the evidence introduced
so far only as was necessary for the determination of the questions
of law raised at the trial. It is impossible, therefore, to determine
whether the finding of no way by prescription was so contrary to
the evidence as to bring this case within the rule. But if it were
otherwise, the objection should have been taken advantage of
before judgment; and if the facts reported establish in law a way

by prescription, the question should have been raised when the exceptions in the former reserved case were considered and disposed of.

3. If the omission of a notice to the defendants of the plaintiff's use of the way and of the claim or right under which he used it is such an objection as entitled the plaintiff to a new trial, the same remark applies: the objection comes too late. Application should have been made at the trial term for a finding of the fact before the case was reserved, or, at the latest, the objection should have been taken when the questions raised by the reserved case were under consideration. Such mistake or accident is not a ground for a new trial after final judgment or decree has been rendered. *Thayer* v. *Stevens*, 44 N. H. 484; *Handy* v. *Davis*, 38 N. H. 411, 415.

These observations dispose of the questions in this case. Upon all the facts as shown here, it would seem that the use of the passage-way by the plaintiff and his predecessors in title was not adverse, but permissive, and that no injustice has been done.

*Exceptions sustained.*

ALLEN, J., did not sit: the others concurred.