Merrimack, }
June 30, 1903. }

ELA, *Ap't*, v. ELA, *Adm'r*.

ELA, *Ap't*, v. SAME.

It is not essential that evidence in support of a motion for a new trial should be produced in exact conformity with the requirements of legal proof; and it is to be presumed, in the absence of evidence to the contrary, that any departure from the strict rules was permitted in the exercise of a sound discretion, in view of all the circumstances of the case.

Where a new trial is granted on the ground of newly discovered evidence, it must be presumed, in the absence of anything in the record to the contrary, that it satisfactorily appeared to the court that entries in books of account, relied upon by the petitioner, would be available at the trial, or that the facts indicated by them would be established by competent testimony.

A new trial granted on the ground of newly discovered evidence is to be
   limited to the production of such proof as was not obtainable prior to the
   former trial by the exercise of reasonable diligence on the part of the peti-
   tioner.

PETITIONS for new trials, on the ground of newly discovered
evidence. The cases are reported in 70 N. H. 163. Transferred
from the April term, 1902, of the superior court by *Peaslee*, J.

The defendant alleged that he had in his possession newly dis-
covered evidence tending to prove (1) that there was a statute of
Alabama under which the plaintiffs were not entitled to any part
of the rents; (2) that the rents paid were in fact less than found
by the court at the former trial; (3) that the claim which was
the subject of suit in the second case had been released. The
petitions were granted, subject to exception. The plaintiffs
moved that in the first case the new trials be limited to the ques-
tion of damages, and in the second case, to the question of
damages and release. The motions were denied, and the plain-
tiffs excepted.

*Sargent, Niles & Morrill*, for the plaintiffs.

*Mitchell & Foster* and *Martin & Howe*, for the defendant.

REMICK, J. "A new trial may be granted in any case, when
through accident, mistake, or misfortune justice has not been
done and a further hearing would be equitable." P. S., c. 230,
s. 1. "The question whether a new trial should be granted on
the ground that by reason of newly discovered evidence a further
hearing would be equitable, is a question of fact to be decided at
the trial term." *Brooks* v. *Howard*, 58 N. H. 91; *Davis* v. *Dyer*,
62 N. H. 231; *State* v. *Stone*, 65 N. H. 124, 126; *Gray* v. *Bridge*,
11 Pick. 189; *Greene* v. *Farlow*, 138 Mass. 146.

The superior court has found that "newly discovered evidence
makes a different result at a future trial probable, and it is equit-
able that a further hearing be had." Upon the record presented,
it cannot be said that there was no competent evidence to support
the findings of the superior court. *Cox* v. *Leviston*, 66 N. H. 167.

It is urged that the books and release, which appear to have
been the sole reliance of the court in granting the new trial, were
not properly brought to its attention. It is not necessary that
the evidence in support of a motion for a new trial should be pro-
duced with all the formality required at the new trial. Thus,
affidavits are allowable in support of a motion for a new trial,
while at such new trial they would be entirely inadmissible.

Upon a motion for a new trial upon the ground of newly discovered evidence, it is undoubtedly the rule to require the newly discovered evidence, if a proposed witness, to be shown by the affidavit of the witness himself as well as by the affidavit of the party or his counsel, and if a writing, to require the production of the writing; yet notwithstanding this general rule, the court may order a new trial without such affidavit or writing, if not then obtainable, and if it satisfactorily appears from the showing made that justice so requires. The language and spirit of the statute, and the discretionary character of the right, forbid a hard and fast rule upon the subject. P. S., c. 230, s. 1; Hill. New Tr. 635; *Broadhead* v. *Marshall,* 2 W. Bl. 956; *White* v. *Trinity Church,* 5 Conn. 187; *Barrett* v. *Railroad,* 45 N. Y. 628; *Fisher* v. *People,* 103 Ill. 101; *Smith* v. *Cushing,* 18 Wis. 310; *Read* v. *Staton,* 3 Hay. 159; *Sorrel* v. *St. Julien,* 4 Mart. 509, 512; *Case* v. *Codding,* 38 Cal. 191, 194.

In the present case, the books and release were produced at the hearing and identified. Whether they were produced and identified according to the strict rules of evidence, it is unnecessary to consider; for we must presume, in the absence of evidence to the contrary, that any departure from such rules was permitted in the exercise of a sound discretion, in view of the circumstances of the case, as presented by all the evidence.

Finally, it is insisted that the books cannot be made available at the trial, and therefore should not have been considered in support of the motion. If the conditions suggested by the defendants are all necessary to make the entries in question competent, it does not appear that those conditions will not be met. In the absence of anything in the record to the contrary, it must be presumed that it satisfactorily appeared to the court, upon all the evidence, that the defendant would be able to make the entries available, or otherwise establish by competent testimony the facts indicated by them. Of course, all evidence offered at the new trial, whether old or new, must be admitted or excluded according to the rules of evidence. If the entries in question are admitted or excluded at the new trial, and exception is taken, it will then be in order to consider the arguments advanced by the plaintiffs as to their competency. *Gray* v. *Bridge,* 11 Pick. 189.

By refusing the plaintiffs' motion to restrict the new trial, the superior court has found that equity requires a further hearing of the whole case. Upon the record presented, we are no more at liberty to revise the action of the superior court in this respect than upon the main question.

*Exceptions overruled.*

All concurred.

After the filing of the foregoing opinion on April 7, 1903, the plaintiffs moved for a rehearing, and obtained an amendment to the reserved case, to the effect that upon the first ground alleged there was no evidence which could not have been discovered before the former trial by the exercise of reasonable diligence.

*Sargent, Niles & Morrill*, for the plaintiffs.

*Mitchell & Foster* and *Martin & Howe*, for the defendant.

REMICK, J.   By the record as amended since the motion for rehearing, it clearly appears that there was no evidence that a further hearing would be equitable, except upon the issue as to rent in the case of James Ela, and the issues as to rent and release in the case of Jacob Ela.   It follows that the new trial should be limited accordingly.   *Lisbon* v. *Lyman*, 49 N. H. 553, 582;   *Cox* v. *Leviston*, 66 N. H. 167.

The exception to the denial of the plaintiffs' motion to limit the scope of the new trial is sustained.   The other exceptions are overruled.

*Case discharged.*

All concurred.