Carroll,
Feb. 4, 1941. } No. 3220.

EDITH F. PERLEY *v.* FRANK W. ROBERTS.

*Edith F. Perley* (by brief and orally), *pro se.*

*William N. Rogers* (by brief and orally), for the defendant.

BRANCH, J.    The master found "that for over 40 years prior to the plaintiff's advent and acquisition of the triangular tract A. B. C. the roadway was used by all the occupants of the Roberts farm and by the public at large so far as there was occasion, and this without objection or interruption.   Since 1928 the town has cared for and

maintained it as other public roads in Effingham have been kept."
An examination of the record indicates that this finding was in accord
with a great preponderance of the evidence and plaintiff's excep-
tion to the dismissal of her bill upon the ground that there was no
evidence to sustain the finding of the master is, therefore, overruled.

With reference to her petition for a rehearing, the plaintiff says:
"The court erred in not recommitting the case for rehearing on the
ground of new evidence because at the hearing July 24, 1940, it
was laid before the court that certain evidence relative to the issue
was given to the plaintiff's attorneys to present, which evidence
the attorneys did not present." Ordinarily this motion would
properly be denied upon the ground that it shows on its face that
the evidence relied on was not newly discovered. "In cases of
application for a new trial at law, a new trial will not be granted,
where the party or his counsel knew, or ought to have known, the
existence of the evidence before the trial was closed." *Dennett* v.
*Dennett*, 44 N. H. 531, 535; *Watkins* v. *Railroad*, 80 N. H. 468.

Neither does it definitely appear in the record what the evidence
relied upon is. *Ela* v. *Ela*, 72 N. H. 216. No affidavits have been
furnished and the assertions of the plaintiff, accompanied by copies
of certain documents, furnish the only indication of what the newly
discovered evidence would be. Nevertheless, in view of the fact
that plaintiff now appears *pro se*, it may be pointed out that the
evidence now offered was for other reasons properly excluded.

She says in the first place, "Had counsel permitted plaintiff to
tell her conversations with former owners of the Ossipee Road
easement, . . . in which they definitely stated the entrance to the
Roberts premises was by the Red Gate, . . . a different light would
show the situation." By the phrase "owners of the Ossipee Road
easement" the plaintiff refers to Sarah J. Bailey and Mary E. Stevens,
who owned property southeasterly of the defendant's premises,
through which the Ossipee Road ran. It was the contention of the
plaintiff that the Ossipee Road afforded the only entrance to the
defendant's property. The "Red Gate" undoubtedly marked the
entrance of the Ossipee Road to the defendant's property and it is
doubtful whether these statements mean anything more than this.
But this fact does not disprove the existence of another entrance
as claimed by the defendant.

These statements were not admissible as declarations of boundaries
under the exception to the hearsay rule discussed in *Tuftonboro* v.
*Willard*, 89 N. H. 253. "The requirement that before a declaration

of boundary is admissible it must appear that the declarant had knowledge of the bound of which he spoke," (*Ib.* 258) was not fulfilled. The witnesses were not former owners of the defendant's premises and hence the general presumption "that any man knows the situation of his real property, both as to its boundaries and possession" (*Ib.* 259) does not help the plaintiff here. Unless it is to be assumed that the ownership of land upon a given road qualifies a landowner to state the boundaries of all neighboring land abutting upon the same road, it must be held that the offered declarations were merely hearsay, inadmissible under any exception to the rule.

In her brief we also read as follows: "Town team: Had counsel summoned Richard Dearborn . . . *in re* the driveway B D, it would have given the Court a better light in which to view the case." Reference is here made to the testimony that a "town team" did some of the work on the road in question, and it is suggested that Dearborn might have told a different story. If this were so, his testimony would only present a contradiction upon a point collateral to the main inquiry, and as such it was properly rejected. *State* v. *Danforth,* 73 N. H. 215, 221.

The same thing appears to be true of the testimony of Mr. Thompson regarding whom the plaintiff says: "The failure to call Mr. Thompson to the witness stand was a grave omission. . . . His letter, 1919, asking to buy A B C might have elucidated the *res gestae.* No one has a better knowledge of local affairs for the past 20 years than he." The question whether the witness sought to buy the land in question in 1919 is obviously a collateral matter, wholly inconclusive in its bearing upon the main issue before the court.

The plaintiff also complains of the conduct of her counsel at the trial: 1, because they introduced "their own plan" of the *locus in quo* instead of another plan which had been procured by the plaintiff; 2, that they failed to introduce tax bills for the last 20 years on the plaintiff's property which "might have flashed upon the salient truth of the whole matter"; 3, because "more than a dozen times" in their questions to the witnesses they used language which ineptly described the various roads in question. There is nothing in the record to justify any suspicion that counsel for the plaintiff did not act in entire good faith, and such criticisms of the details of their conduct at the trial furnish no ground for disturbing the verdict. *Heath* v. *Marshall,* 46 N. H. 40.

*Exceptions overruled.*

All concurred.