WALTER T. FARRELL *vs.* W. J. MATCHETT.

RITA DRURY *vs.* SAME.

Berkshire.    September 16, 1941. — October 28, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* New trial.

It was not an abuse of discretion, in a case involving a collision of automobiles, for the trial judge to allow a motion for a new trial on the ground that the moving party had been prejudiced by not having had available to his counsel during his closing argument to the jury a

blackboard diagram, drawn by the only disinterested witness to the happening of the accident and erased by the court house custodian shortly before the closing arguments, although counsel had proceeded to make his argument without saving any exception.

Two ACTIONS OF TORT. Writs in the District Court of Central Berkshire dated June 10, 1940.

Upon removal to the Superior Court, the actions were tried together before *O'Connell,* J. There were verdicts for the plaintiffs in the sums, respectively, of $3,100 and $3,500. In each case, the judge allowed a motion by the defendant for a new trial and the plaintiff alleged an exception. At the second trial there was a verdict for the defendant in the action by Farrell and for Drury in the sum of $1,500.

*J. A. Bowes,* (*F. M. Myers* with him,) for the plaintiffs.

*J. P. Moriarty,* (*H. R. Goewey* with him,) for the defendant.

QUA, J. These are actions for personal injuries and also, in one of the cases, for property damage sustained as the result of the collision of two automobiles on a public way. The only question presented is whether, after verdicts for the plaintiffs, the judge committed an error of law in granting a new trial on the ground that a diagram drawn on a blackboard during the trial by the only witness other than the plaintiffs who testified "to the happening of the accident" had been erased by the custodian of the court house during a recess of the court shortly before the closing arguments.

The diagram had not been introduced in evidence and had been used only as a "chalk." It showed the white line in the center of the road, the point where the accident occurred, the courses taken by the two automobiles after they came into contact, and their positions after the accident. The erasure became known when the defendant's attorney requested that the blackboard, which had been temporarily removed, be so placed that he could use the diagram in his argument to the jury. There is no suggestion in the record that any of the parties was in any way responsible for the erasure. When it was discovered there was a discussion between the judge and counsel, and it "was then deter-

mined" that counsel would proceed without the blackboard. The record does not go so far as to state that counsel actually agreed to this, if that would be material to the question of law now before us, which we do not intimate. No doubt such an agreement, if made, would have been at least a matter for the judge to consider in passing upon the broad question whether justice required a new trial. *Crosby* v. *Blanchard*, 7 Allen, 385. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 434. See, however, *Paper Trucking Co.* v. *Russo*, 281 Mass. 209. The judge instructed the jury to use their memories as far as they could as to what had been upon the blackboard. He granted the new trial "For reasons stated" in a paragraph contained in a motion filed by the defendant in each case wherein the defendant alleged that the erasure "was prejudicial to the defendant."

The trial judge may set aside a verdict and order a new trial "for any cause for which a new trial may by law be granted." G. L. (Ter. Ed.) c. 231, § 127. Such causes include any accident, mistake or misfortune in the conduct of the trial which makes a new trial necessary to guard against a failure of justice. *Cutler* v. *Rice*, 14 Pick. 494. *Greene* v. *Farlow*, 138 Mass. 146. *Ellis* v. *Ginsburg*, 163 Mass. 143. *Manning* v. *Boston Elevated Railway*, 187 Mass. 496, 499. *Loveland* v. *Rand*, 200 Mass. 142, 144, 145. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 439, 440. The action of the judge implies a finding by him that the loss of the diagram may have affected the verdict in a manner "prejudicial to the defendant." The question before us is whether this conclusion was an abuse of discretion. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421, 433, 434. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Hallett* v. *Jordan Marsh Co.* 240 Mass. 110, 112. *Murnane* v. *MacDonald*, 294 Mass. 372, 374. We cannot say that it was. It is axiomatic that new trials ought not to be granted for trivial reasons. But we cannot say that the erasure of the diagram was not a substantial loss to the defendant. The diagram explained, if indeed it did not in some measure qualify, the testimony of the only seemingly disinterested witness who was called at the trial. The bare recollection

of his testimony may well have produced a different effect upon the jury from that which would have been produced if the diagram itself had remained before them. The defendant was deprived of the full benefit of the comparison. The judge had followed the course of the trial and was peculiarly in a position to determine the importance of the diagram. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 439, 440.

The fact that no exception was taken at the trial did not prevent the judge in his discretion from considering the matter on a motion for new trial. *Ryan* v. *Hickey*, 240 Mass. 46, 48. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25. *Skudris* v. *Williams*, 287 Mass. 568.

*Exceptions overruled.*