## PERLEY v. ROBERTS et al.

### No. 3910.

Circuit Court of Appeals, First Circuit.

Nov. 3, 1943.

Edith F. Perley, pro se, of Danvers, Mass.

William N. Rogers, of Sanbornville, N. H. (James B. Godfrey and Demond, Sulloway, Piper & Jones, all of Concord, N. H., of counsel), for appellees.

Before MAHONEY and WOODBURY, Circuit Judges, and HEALEY, District Judge.

## PER CURIAM.

This is an appeal by the plaintiff from a judgment entered for the defendants on a verdict returned for them by a jury in an action in the nature of an action on the case for malicious prosecution. The plaintiff argues three grounds for her appeal. She says (1) that the court below erred in denying a motion made by her under Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike certain portions of the defendants' answer, (2) that the court erred in its charge to the jury, and (3) that it erred in ruling that a certain discharge of a real estate attachment to be considered hereafter was legally sufficient.

It appears that in May, 1939, the plaintiff filed a bill in equity in the Superior Court of the State of New Hampshire against the defendant Roberts; that after a trial on the merits that court entered an order dismissing the bill without costs; and that on appeal the Supreme Court of the State overruled the plaintiff's exceptions thereto. Perley v. Roberts, 91 N.H. 254, 18 A.2d 385. Thereupon the defendant Roberts, by his attorney the defendant Rogers, moved in the Superior Court that the decree be modified to permit him to recover his full costs, the ground assigned therefor being that the plaintiff's appeal had put him "to further costs and expense." This motion was granted by the Superior Court and the plaintiff excepted. Pending the plaintiff's appeal to the State Supreme Court from the granting of this motion, the defendant Roberts, still acting by his attorney Rogers, brought an action at law against the plaintiff to recover his costs in the suit in equity—the order of the Superior Court with respect thereto still standing—and attached the plaintiff's real estate. While this action at law was pending in the Superior Court the Supreme Court sustained the plaintiff's exception to the order imposing full costs upon her in the suit in equity (Perley v. Roberts, 92 N.H. 135, 26 A.2d 365) and thereupon the Superior Court, on the plaintiff's motion, dismissed the action for costs. It appears that thereafter the defendant Rogers sent the plaintiff, at her request, a release of the real estate attachment made [1] in that action and paid the plaintiff her legal costs therein.

On the basis of the foregoing the plaintiff brought the instant action, there being diversity of citizenship and an amount in controversy in excess of $3,000, in which she alleges that the defendants in the action at law for costs referred to above maliciously attached her property; refused, after that action had been dismissed, to give her a proper release of the attachment made by them therein, and "maliciously conspired and greatly harassed the plaintiff, and have deprived her of the enjoyment and proper use and disposal of her property, and have trespassed upon her citizen's rights under the Federal Constitution Amend. 14, and under the Constitution of the State of New Hampshire, Part. 1, art. 15, to the protection of law, and to due process of law, and have done her great damage."

In her statement of the points upon which she intends to rely on this appeal (Rule 75(d), Federal Rules of Civil Procedure), the plaintiff does not refer in any way either to her motion to strike under Rule 12(f), Federal Rules of Civil Procedure or to the ruling of the court below thereon. But, even if the point were properly presented to us, the plaintiff's position would not be improved because the ruling of the court below is clearly correct. The part of the defendants' answer which the plaintiff wished to have stricken consists in a recitation of the proceedings in the State Courts in the bill in equity filed in May, 1939, mentioned above. We fail to see how such matter could possibly be considered "redundant, immaterial, impertinent, or scandalous" within the meaning of Rule 12(f), Federal Rules of Civil Procedure.

Much the same procedural situation obtains with respect to the plaintiff's alleged objections to the charge. The record does not indicate that she complied with Rule 51, Federal Rules of Civil Procedure by objecting to the charge before the jury

---

[1] This release reads:

"Release of Attachment. Any and all real estate attachments made by virtue of writ brought in the above entitled action, which was returnable at the October Term 1941 of the Superior Court in Carroll County, are hereby released.

"Frank W. Roberts
"By his Attorney,
    "William N. Rogers."

retired and stating distinctly the matter therein to which she objected. Instead it definitely appears that she permitted the jury to retire to consider its verdict without voicing any objection whatever to the charge as given. But, despite the fact that no objection to the charge is properly before us, we feel constrained to add that her objections, even if they had been properly taken, would avail her nothing. An examination of the charge indicates that the court below accurately stated the applicable law with respect to actions for malicious prosecution,[2] when it said:

"Now unless you can find upon the evidence in this case that these defendants, one or both of them, maliciously, without any right, brought that action to recover costs, and attached the property of this plaintiff in the State of New Hampshire, as security for those costs, as I say unless you find that they acted maliciously, without semblance of authority, and for the purpose of annoying the plaintiff in this action, she must fail to establish her case on the question of a malicious attachment.

"Now the question is a question of fact for you. Did they act with malice? I have already informed you that so far as the legal procedure is concerned it was in conformity with law and unless they acted with malice, without any semblance of legal right or authority based upon the laws of the State of New Hampshire, their proceedings were within the legal procedure long established in this State."

With respect to the discharge of the real estate attachment quoted at length in footnote 1, supra, the court below ruled (1) that no discharge at all was necessary because of the statutory provision to the effect that "When a judgment is rendered for the defendant, upon which execution may issue, or when the action is compromised or dismissed, the attachment made in the action is dissolved thereby", (P.L. (1926) c. 332, § 45) and (2) that the discharge given, even though not acknowledged as the plaintiff contends that it should have been, "was a valid release of the attachment, which could have been recorded on the records," if the plaintiff had seen fit to do so. The ruling that under the statutory provision quoted above the attachment was dissolved by the order dismissing the action in which it was made is ob-

viously correct. Further discussion of this point is unnecessary.

Since no release at all was needed, it seems hardly necessary to discuss the question of the validity of the release given. However, we see no reason to doubt the correctness of the ruling of the court below. We find no New Hampshire statute or decision requiring that a written release of an attachment, when one is required, must be acknowledged, and since it is a release of a lien, not a conveyance of property, we see no reason why it should be.

The judgment of the District Court is affirmed with costs to the appellees.

---

[2] See Cohn v. Saidel, 71 N.H. 558, 565-567, 53 A. 800.