Carroll,
June 4, 1946. } No. 3590.

EDITH F. PERLEY *v.* TOWN OF EFFINGHAM.

*Edith F. Perley* (by brief and orally), *pro se.*

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Godfrey* orally), for the defendant.

BURQUE, J.   In her brief the plaintiff complains that she was not given sufficient notice of a hearing on the motion to dismiss.   She has not argued this point orally, and we fail to see where she can be aggrieved because we find in the record that the time for hearing was extended at her request and a date fixed to suit her convenience, to which she acquiesced.   There is no question of law involved here.

The next and main complaint is that a plea of demurrer in the nature of a motion to dismiss and an answer to the allegations of the bill, either in the form of admission, denial or neither but putting plaintiff to proof, cannot be joined.

Ever since *Spofford* v. *Smith,* 59 N. H. 366, it has been not only the law but the well settled and generally recognized adopted practice to join pleas in demurrer and answers to a bill in equity.   The motion to dismiss embodied in the demurrer was based first on the ground that the bill fails to set forth any cause recognizable in equity, and second that insofar as the bill sets forth any injury suffered by the plaintiff at the hands of the defendant, the plaintiff has a plain and adequate remedy at law.

"Want of equity is not only good ground of demurrer to a bill, but is a good ground of defense, when the case is established upon the merits; and this includes cases where the plaintiff's right proves to be one at law and not in equity."   *Burnham* v. *Kempton,* 44 N. H. 78, 92.

The allegations in the bill are grouped in the claim for harassment which is as follows: "the town has harassed [plaintiff] . . . by unjust taxation . . . road building . . . changing of boundaries and removal of boundstakes trespasses . . . [publication of] false statements in said town's reports in relation to . . . [her] and said driveway, . . . of illegal acts of the town causing rumors, reports and hearsay nuisance" which deprive her of the right to enjoy her property unmolested.   We fail to see where any of the above allegations state facts which would entitle plaintiff to equitable relief.   If any cause of action arises therefrom it is one for damages to be recovered in a suit at law.

Taking up the allegations more specifically in the order presented, we proceed to the consideration of (1) unjust taxation. Equity is not the procedure to obtain remedy therefrom. The remedy is by a petition for abatement, and an appeal therefrom if the relief sought is not granted. "If the assessment was illegal, a plain and adequate remedy at law was afforded the plaintiff by a petition under the statute for an abatement of his tax (*Savings Bank* v. *Portsmouth*, 52 N. H. 17), and the bill should be dismissed for this reason." *Perley* v. *Dolloff*, 60 N. H. 504.

(2) Road building. If the town has laid out a road in conformity with the statute relating to the layout of highways, and has taken some of plaintiff's land without compensating her, she is entitled to reimbursement, and her suit to recover same is one at law. If the town has not conformed to the requirements in laying out a road across plaintiff's land, the town is guilty of trespass and is answerable in damages therefor in a suit at law. If the trespass is established and the town threatens to continue the trespass, then a bill in equity may be brought in aid of the action at law to enjoin further trespasses. See *Hodgman* v. *Richards*, 45 N. H. 28, 29.

(3) Likewise as to the allegation that the town has changed plaintiff's boundaries and removed boundstakes. This of course is a trespass. A suit at law to prove the trespass would establish the boundaries, and if the town thereafterwards should remove boundstakes or threaten to do so, then it could be enjoined from so doing. The bill does not allege the threat of future trespasses likely to result in irreparable injury for which the defendant is incapable of responding in damages, and without such an allegation is defective in that there is nothing to enjoin. The restraining power of a court of equity cannot be invoked when it appears that a repetition of the act complained of is improbable and the financial responsibility of the defendants is unquestioned. See *State* v. *Sunapee Dam Co.*, 70 N. H. 458, 463; also *Hodgman* v. *Richards*, *supra*.

(4) Publication of false statements in town's report. The allegation is general. It does not specify what the false statements are. Granting the allegation can be supported by proof, the right of action would be for libel, and this only in an action at law. Likewise of the allegation that illegal acts of the town has caused rumors, reports and hearsay nuisance which deprive the plaintiff of her right to hold, use and dispose of her real estate unmolested, and have caused her great expense. This sounds as an allegation of slander, and is to be treated the same as the allegation amounting to libel.

Finally, that the town "aided non-resident party to construct a driveway across plaintiff's land." If this is so, the town would be answerable in an action at law for damages.

At the oral hearing we have endeavored to elicit from the plaintiff specific facts and evidence relied upon by her to bring her case within equitable jurisdiction but have failed utterly. Insofar as the case refers to a layout of a highway and a trespass across the corner of lot 64, it savors of an attempt to revive and retry the issue already litigated in *Perley* v. *Roberts*, 91 N. H. 254, and possibly also *Perley* v. *Bailey*, 89 N. H. 359.

The prayer in her bill that the defendant may be ordered to abandon its illegal claim to the driveway in question across plaintiff's land and across the corner of lot No. 64, and be enjoined from further interference with her boundlines and stakes and rights is consequently based on no allegation affording the relief sought, and has nothing to commend it.

*Bill dismissed.*

MARBLE, C. J., was absent: the others concurred.