*Northern District*

No. 8132

**PHILIP CAREY COMPANY**

v.

**ALLIED HEATING CO., INC.**

Argued: Oct. 25, 1973 - Decided: May 22, 1974

*Present:* Cowdrey, P.J., Flaschner, & Forte, JJ.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex. No. 1240 of 1973.

**Forte, J.** This action, commenced in the Superior Court as a Bill in Equity to reach and apply and amended to a law action in contract, is on an account annexed for work and material. The answer was a general denial and a counterclaim in recoupment. Pursuant to G.L. c. 231, § 102 as amended the case was remanded to the Third District Court of Eastern Middlesex, where it was tried.

A stipulation was filed by the parties, to wit:

"It is hereby stipulated and agreed that the only disputes in this case are:

(a) A counterclaim of the defendant against the plaintiff for cleaning at the Fernald State School job, for which the defendant claims a credit of $222.00;

(b) A counterclaim of the defendant against the plaintiff for repairs to a ceiling on the Milford Court House

job, for which the defendant claims a credit of $750.00;

(c) A counterclaim of the defendant against the plaintiff for cleaning at the Concord Elementary School job, for which the defendant claims a credit of $400.00; and

(d) Possible counterclaims for delay: and that the plaintiff is entitled to recover from the defendant the amounts claimed in its Bill of Complaint less such deductions, if any, as the defendant shall prove it is entitled to on said counterclaims."

The amount claimed in the Bill of Complaint is $4,697.71 plus interest at the rate of 6% per annum from January 28, 1970.

At the trial, after the plaintiff called the trial judge's attention to the stipulation, the plaintiff rested.

While at a later stage of this case in connection with the denial of the plaintiff's motion for a new trial, the trial judge found that "the Court at no time sat plaintiff's counsel down and in no way intimidated said counsel or prevented him from offering objection", nevertheless, there is contained in the judge's report the following statement of what occurred during the course of the interrogation of the defendant's first witness:

"The plaintiff's attorney stood up and objected to the question, whereupon the judge, raising his voice and speaking very

forcibly, said to the plaintiff's attorney: 'I am not going to put up with your objections' and peremptorily commanded the plaintiff's attorney to 'Sit down!' ''.
The report further states:

"The plaintiff's attorney, intimidated by the attitude and command of the judge and fearful that the judge would be angered by anything which plaintiff's attorney might say, and fearful that further objections or argument would antagonize the judge and cause him to decide the case against the plaintiff, obeyed the judge's command to 'Sit down!' and thereafter took no further objections to the questions of the defendant's attorney, many of which in the opinion of the plaintiff's attorney were objectionable."

Following the above, again to quote the report:

". . . the plaintiff's attorney attempted to take notes . . . but was so shaken and emotionally upset by said statement of the trial judge . . . , and by the attitude and obvious displeasure of the trial judge, that he (the plaintiff's attorney) was physically and mentally unable to write."

Then at the conclusion of the evidence, "the plaintiff's attorney still shaken and emotionally upset by the conduct of the judge . . . did not argue the case nor request an opportunity to do so . . .''

The court found for the plaintiff on the declaration in the amount of $3,947.71 with interest from date of writ, April 5, 1971; and on the counterclaims as described in the stipulation, on paragraphs (a), (c) and (d) for the plaintiff and on paragraph (b) for the defendant in the amount of $750.00.

After the court's finding, the plaintiff timely filed a motion for a new trial, which, in summary, is based upon:

1. The finding for the plaintiff is inadequate, in conflict with the stipulation, allows interest only from date of writ and not from date of demand.

2. The finding for the defendant on its counterclaim is against the law in that there was no evidence as to the fair value of the "repair work" for which the trial court allowed $750.00.

3. The finding for the defendant was based upon inadmissible evidence to which the plaintiff's counsel was unable to object.

4. The plaintiff did not have a fair trial because the plaintiff's counsel, due to his emotional and mental state, was prevented from objecting to inadmissible evidence.

A hearing was held on the motion for new trial and the trial justice filed findings which included the above quoted finding, to wit:

"The Court at no time sat Plaintiff's Counsel down and in no way intimidated said Counsel or prevented him from offering objection . . ."

The plaintiff claims to be aggrieved by the denial of the motion for a new trial and requested a report. The report contains all the evidence material to the question presented.

In *Cutler* v. *Rice,* 14 Pick 494 (1833) wherein a party sought a new trial on the ground of surprise and perturbation on the part of his counsel, the court stated at p. 495:

"The Court are of opinion, that the facts set forth in the motion . . . do form a good ground upon which the Court will interpose its general authority, to prevent the injurious consequences proceeding from accident and misfortune. The application upon such a ground is certainly rather a novel one, but we know no limit to the power of the Court so to interpose, where the plain and manifest dictates of justice require it, taking care that it shall never be so exercised, as to encourage or shield negligence or fraudulent contrivance, in the conduct of trials."

Therefore, based upon the emotional and mental condition of plaintiff's counsel as described in the trial judge's report, and to guard against a failure of justice, *Farrell* v. *Matchett,* 310 Mass. 87, a new trial is ordered but only on the defendant's $750.00 counter-

claim referred to in paragraph (b) of the stipulation. It is also ordered that the finding for the plaintiff on its declaration shall be as set forth in the stipulation, to wit: in the amount of $4,697.71 with interest from January 28, 1970, subject to any deduction resulting from the new trial on the counterclaim as set out in paragraph (b) of the stipulation.

IRVIN M. DAVIS of Boston
    for Plaintiff
WILLIAM LENDER of Boston
    for Defendant