54  673
102  132

GRANT v. THE IOWA RAILROAD LAND CO. ET AL.

1. **Taxation:** RAILROAD LANDS: WHEN EARNED BUT NOT CERTIFIED. Lands which have been earned by a railroad company under the Congressional grant of May 15, 1856, but have been withheld from certification under such grant because of adverse claims thereto, and without fault upon the part of the company, are not taxable during the time they are so withheld.

2. **Grant of Lands:** RELATION OF TITLE THERETO. Title under a grant will not be held to relate to the date of the grant if rights are defeated or liabilities created thereby.

*Appeal from Boone District Court.*

FRIDAY, OCTOBER 22.

ACTION to recover the possession of, and quiet the title to, forty acres of land in Boone county. The defendants in their answer set up adverse title, which they pray may be quieted in them. The relief sought by plaintiff was granted by the decree of the District Court; defendants appeal.

*E. S. Bailey,* for appellants.

*James Grant* and *Edward M. Doe,* for appellee.

BECK, J.—I. The plaintiff claims title under a tax deed executed October 28, 1874, upon a sale of the land October 1, 1871, for the taxes of 1870. No question is raised as to the regularity of the proceedings upon which the tax title is based; it is only assailed upon the ground that the land was not subject to taxation.

<div style="margin-left:0;">1. TAXATION: railroad lands: when earned but not certified.</div>

The defendants claim title under the act of Congress of May 15, 1856, granting lands to the State to aid in the construction of certain railroads, and an act of the General Assembly of the State passed March 26, 1860, confirming a part of the lands granted by Congress to the Cedar Rapids & Missouri River Railroad Company. The land in controversy is within the limits of the grant by Congress; namely, it is within six miles of the located line of the railroad, and is a part of a section indicated by an odd number. Defendants claim under the Cedar Rapids & Missouri River Railroad Company.

II. The sole question presented in the case is this: Did defendants acquire the title, or a taxable interest in the land, prior to 1870, the year in which the taxes were levied for which the land was sold to plaintiff's grantee?

It is shown, and we think it is not denied, that the railroad company earned the land by the completion of the road in 1867. But defendants insist that the railroad company acquired no interest in the land until July 25, 1874, when it was certified to the State, under the grant of Congress, by the secretary of the interior; that it was not certified at an earlier date for the reason that the grant was suspended as to this land on account of a pending adverse claim thereto. The facts supporting this position, as disclosed by the record, are as follows:

The defendants allege in their answer "that the secretary of the interior failed and refused to certify said land under said grant, but held the same suspended, on account of some

adverse claim or demand, until July 25, 1874, when he certified them to the State of Iowa under said grant."

This allegation of the answer is expressly admitted by plaintiff in his reply thereto. It must be regarded, then, as the admitted fact that the land was withheld from the State, and the grant was suspended, so far as it related to the land in question, on account of an adverse claim thereto. We need not refer to the evidence upon which it is insisted that the land was reserved from certification under the grant on account of a claim that it had passed under the swamp land grant. The admissions of the pleadings establish that it was reserved, and the railroad grant suspended, by reason of some adverse claim thereto. It is not important to determine the nature of such adverse claim, or upon what it was founded. It is sufficient to know that it did in fact exist, and that, on account of its existence, the grant was suspended and the land was withheld from the State.

It has been held by this court that when lands are earned under the act of Congress of May 15, 1856, and the grantee becomes entitled thereto, the lands are taxable. But under this act no certificate by the land department of the government is required. *Iowa Homestead Co. v. Webster County*, 21 Iowa, 221.

It has also been held that until lands have been certified, when certification is required by the terms of the grant, so that they may be identified as lands covered by it, the grantee has no taxable interest therein. *C. R. & M. R. R. Co. v. Woodbury Co.*, 29 Iowa, 247; *C. R. & M. R. R. Co. et al. v. Carroll Co.*, 41 Id., 153; *Iowa Railroad Land Co. v. Story Co.*, 36 Id., 48.

These decisions are based upon the plainest reasons. The grants are not of lands specifically described, but of lands to be determined by the location of the line of a railroad, and by the further facts that the lands have not been appropriated by prior grants, nor disposed of by sale, nor become subject to preemption or homestead claims. The land must be ascer-

tained to be within the grant, and subject thereto. The location of the road must be known, and it must be made to appear that the lands are subject to no prior grant or claim. Now, if the line of the road has not been fixed, or there are adverse claims to the land under other grants, or under sales, or homestead claims, the land cannot be identified as within the grant. The grantee does not become the absolute owner of the land, for the grant, so far as the particular land is concerned, is contingent, and has never been applied to it.

The grantee cannot be required to pay taxes upon land until it has been identified and determined to be covered by the grant. While claimed adversely, and the claim has not been determined by the officers of the government, he has no taxable interest in the lands.

The application of these principles, which are in harmony with our prior decisions, disposes of the case. The pleadings admit that the lands were not certified, because held under adverse claim. No rule of law or equity would require defendants to pay taxes upon lands which they had no assurance would ever become their property.

III. It may be remarked that nothing appears in the record tending to show that defendants in any manner sought to escape taxation, or that the certificate was withheld by reason of any act done or representation made by them.

IV. *Iowa Railroad Land Co. v. Fitchpatrick*, 52 Iowa, 244, is not in conflict with our views in this case. We held in that case, as the certificate required by the act making the grant was not withheld on account of any adverse claim to the land, the grantee was negligent in not causing the certificate to issue.

V. Plaintiff insists that the title acquired by the grantee relates back to the grant, and, therefore, he will be regarded as the owner of the land from the date of the grant itself.

Upon this position an argument is based supporting the claim that the lands were taxable before they were identified under the grant. It is undoubtedly true that for certain pur-

poses defendants' title may be said to begin with the grant, and when the grant is applied to its subject it may be said that the title existed from the day the grant was made. But the grantee in fact had no title to the specific lands until the grant was applied thereto. Until the lands were identified the grant was a *float*, as it is called by the United States Supreme Court. See *Railroad Co. v. Smith*, 9 Wall., 95 (99).

This doctrine of relation is a fiction intended to subserve the ends of justice in protecting the rights of the claimant of property; it cannot be invoked to defeat rights, or create a liability. *Lynch et al. v. Bernal et al.*, 9 Wall., 315; *Gibson v. Chouteau*, 13 Wall., 92. It is, therefore, not to be applied in this case.

Further discussion of the case is not demanded for its correct determination. The decree of the District Court will be reversed, and the cause remanded for judgment in accord with this opinion, or, at the option of the defendants, such a decree may be entered in this court.

REVERSED.