THE STATE *ex rel.* BRAINERD v. ADAMS, *Judge.*

**New Trial :** COURT GRANTING OF ITS OWN MOTION. A trial court, under our code practice, cannot of its own motion grant a new trial, except where the triers of fact have erred in a matter of law or have been guilty of misbehavior.   R. S. sec. 3705.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Pattison & Crane* and *P. Wm. Provenchere* for appellant, ADAMS.

(1)   All the parties in interest are not before the court; Patier, the plaintiff in the original suit, who is the party most directly interested, not having been made a party to the mandamus proceeding. *People v. Farquer,*

Breese 73; *State v. Mills*, 27 Wis. 403; High on Extr. Leg. Rem., sec. 9, and notes. (2) The prayer of the petition, which is to be taken as the mandatory part of the writ, is indefinite, and lacking in accuracy; it cannot be determined from that alone what judgment is to be rendered. Tapping on Mand., p. *322–326. (3) The relator must show a right to the specific thing asked or commanded, and that must be due of the respondent. High on Extr. Leg. Rem., secs. 9, 10, 522; *People v. Mayor*, 51 Ill. 17, 28; *People v. Hatch*, 33 Ill. 140; *Ex parte Bell*, 48 Ala. 285; 3 Black. Com. pp. 389–390. (4) A motion to quash is the proper mode of bringing to the consideration of the court the merits and the informalities of the writ. Tapping on Mand., p. *336–7; High on Ext. Leg. Rem., secs. 521–24. (5) The power to grant new trials is inherent in courts of general jurisdiction, except so far as it is controlled by statute. *McNamara v. Railroad*, 12 Minn. 394; *Bartling v. Jamison*, 44 Mo. 141; *Schultz v. Ins. Co.*, 14 Fla. 93; *Ex parte Bacon*, 6 Cowen 392. This is admitted in the opinion of the court below. (6) The court has power to order a new trial on its own motion. *Williams v. Circuit Court*, 5 Mo. 248; *Richmond v. Wardlaw*, 36 Mo. 313; *Simpson v. Blunt*, 42 Mo. 542; *Mills v. Scott*, 99 U. S. 25; *Ex parte Henry*, 24 Ala. 648; 3 Black. Com. 389; *Gould v. Tatum*, 21 Ark. 330, where it is held that the statutes "regulating" the exercise of this power are directory only. It can make no difference whether the errors committed on the trial are brought to the attention of the court by the parties, by being embodied in a written motion, or are so apparent as not to escape the court's own notice. (7) The trial court may grant a new trial for errors not mentioned in the motion. It is only the appellate court that is precluded from this. *Fine v. Rogers*, 15 Mo. 315; *Leahy v. Dugdale*, 41 Mo. 517. (8) There is no intelligible issue presented by the pleadings in the case of *Patier v. Brainerd*, and they are insufficient to support a verdict. There is nothing to show that the circuit court abused

its discretion, and this court will presume that the action of the *nisi prius* court was proper. *Goode v. Crow*, 51 Mo. 212; *McGregor v. Christie*, 37 Ga. 557; *Meriman v. Atlanta*, 61 Ga. 222; *Corteleyon v. Ten Eyck*, 22 N. J. Law 45. (9) The writ of mandamus should not be granted to compel a technical compliance with the strict letter of the law in disregard of its real spirit. High on Ex. Rem., p. *13, sec. 9. (10) If the court of appeals was right in overruling the motion to quash the alternative writ, it had the power to fix the terms upon which its action should be granted. *State v. Rombauer*, 44 Mo. 592; *State v. Knight*, 46 Mo. 83; Const. of Mo., art. 6, sec. 12; Tapping on Mandamus, *p. 336.

    *W. C. Marshall* and *Phillips & Stewart* for relator.

    I.  (1) Courts of general jurisdiction had no power to order new trials on their own motion even at common law.  2 Sharswood's Blackstone (2d Ed.) top p. 389, and notes; 1 Graham & Waterman on New Trials, pp. 6 and 9; *Williams v. Circuit Court, etc.*, 5 Mo. 248.  (2) The circuit courts of this state have no power to set aside verdicts of their own motion.  R. S., secs. 3704, 3703, 3633, and 3557; *Bartling v. Jamison*, 44 Mo. 141; *State v. Rombauer*, 44 Mo. 595; *Lloyd v. Brinck*, 35 Tex. 1. The law is well settled that the grounds named in the motion for new trial are the only ones to be considered in determining the correctness of the court's action in granting or refusing a new trial.  *Cowan v. R. R.*, 48 Mo. 556; *Brady v. Connelly*, 52 Mo. 19; *Matlock v. Williams*, 59 Mo. 105; *Carver v. Thornhill*, 53 Mo. 283; *Lancaster v. Ins. Co.*, 62 Mo. 121.  (3) If the circuit court has power in any case to set aside a verdict of its own motion, its action in the present instance was not the exercise of sound discretion.  (4) Mandamus is the proper remedy for the wrong complained of by relator. *Hill v. Watkins*, 4 Mo. 86; *Pratte v. Cabanne*, 12 Mo. 194; *Lloyd v. Brinck*, 35 Tex. 1; *Boyce v. Smith*, 16 Mo. 317; *Virginia v. Rives*, 10 Otto 359.  II. The court of appeals was wrong

in including in its judgment and peremptory writ a direction to permit either party to file a motion for a new trial, or in arrest of judgment in the original cause, within four days after obedience to the peremptory writ, *because* (1) Under the statutes of Missouri a motion for a new trial, or in arrest of judgment, must be filed at the term of the court at which the case is tried and not after. (2) The term of court at which the case was tried had expired at the time said direction was made, and said writ ordered to be issued. (3) The court of appeals had no power to enlarge the alternative writ of mandamus or to change its character. (4) It can confer no power on the circuit court to entertain motions after verdict. (5) Neither the order of mandamus nor the writ can be accompanied with extraneous directions, touching other questions that may arise in the original case between its parties, affording affirmative relief, especially when not applied for by the parties.

HENRY, C. J.—Charles O. Patier and William Wolf sued the relator, Brainerd, in the circuit court of St. Louis, of which Adams was judge, on two promissory notes for five hundred dollars each, of which, in his answer, defendant admitted the execution, but pleaded that they were given solely for the accommodation of plaintiffs, and also pleaded two counter-claims. Plaintiffs filed their reply denying the allegations of the answer, and, on a trial upon the issues, the jury returned a verdict for defendant on both counts of plaintiffs' petition, and for the defendant on the first counter-claim, and for plaintiffs on the second, and thereupon, the court, of its own motion, set aside the verdict and continued the cause. Within four days after the verdict was rendered, the defendant filed his motion in said court for a judgment on the verdict, which the court overruled. Thereupon defendant instituted this proceeding in the St. Louis court of appeals, seeking by mandamus to compel the said judge to render a judgment on the verdict, and

the result was an order for a peremptory writ, command-
ing said circuit judge to enter a judgment in said cause,
and further, to permit either party to said cause of *Patier*
*v. Brainerd*, to file a motion for a new trial, or in arrest
of judgment therein, within four days after the entry of
judgment, as directed.   The circuit judge appeals from
so much of the judgment of the court of appeals as com-
mands the entry of the judgment, and relator appeals
from that portion of the judgment allowing the other
party to file his motion for a new trial, or in arrest,
within four days after the entry of judgment ordered.

The only question which we deem it necessary to con-
sider is, whether the court had authority, of its own
motion, to set aside the verdict of the jury ?   Numerous
authorities are cited from our own reports in support of
the position, that the court may, of its own motion, set
aside a verdict.   The authority of the court, on motion
of the party complaining to set aside the verdict, at com-
mon law, is unquestionable.  In *Williams v. Circuit Court*,
5 Mo. 248, Judge Edwards held that the circuit court
could, and Judges Tompkins and McGirk that it could
not set aside the verdict of its own motion.  In *Richmond
v. Wardlaw et al.*, 36 Mo. 313, the following language of
Judge Edwards in *Williams v. Circuit Court, supra*, was
approvingly quoted :  "The sum of the whole matter,
under our laws, then, seems to be this : a party sleeps on
his rights until the time allowed him by law to make his
motion for a new trial expires ; he can no longer claim to
make his motion as *a matter of right*, but he may after-
wards suggest to the court, that substantial justice has
not been done him, and the court may look into the mat-
ter or not."   This, I think, is a recognition of the right
of the court, of its own motion, to set aside the verdict,
for if, after the time prescribed, within which a party
may file his motion, has elapsed, the court may, on the
suggestion of the party, set aside the verdict, why not
of his own motion ?   And is it not in effect of his own
motion, if in such case, he sets it aside ?  In *Simpson v.*

*Blunt*, 42 Mo. 544, the cause was tried by the court, without the intervention of a jury, and a verdict was found against plaintiff, but without entering a judgment, the cause was by the court continued to the next term, and again tried by the court, and the plaintiff prevailed, and this court, to which the cause was appealed, held that "the action of the court, at the first trial, was simply an exercise of the power of the court to grant a new trial." In *McCabe v. Lewis*, 76 Mo. 301, it was said : "It is an inherent power in every court to correct an error which it may have committed, when no positive rule of law forbids it."

If the court commits a palpable error, in an instruction to the jury, or witnesses misconduct of members of the jury, which, on motion, would authorize it to set aside the verdict, shall it, on account of the ignorance, or timidity of the aggrieved party which prevents him from moving in the matter, render an unjust judgment on the verdict? If the jury find a verdict palpably against the law as declared by the court, is it powerless to maintain its own dignity and self-respect, unless some one who feels aggrieved, shall move in the matter? That this power may be abused by the court, is no argument against its existence. The appellate courts will find a way to correct any abuse of the power by the lower courts. It is conceded by the court of appeals, in the opinion delivered in this cause, that, at common law, this power could be exercised by the courts, independent of any application by a party for its exercise. *Rex v. Atkinson*, 5 T. R. 437. And that our statute, prescribing the time within which a party may file a motion to set aside a verdict, does not confer upon the court any power which did not previously exist, or abridge the recognized power of the court, but simply regulated the privilege of the parties to the suit.

It is contended, however, and such is the view taken by the court of appeals, that section 3705, Revised Statutes, is in the way of the exercise of the power by the

court, except upon motion of the party aggrieved.  It is as follows:  "Only one new trial shall be allowed to either party, except: first, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior."  If the jury has erred, in a matter of law, or has been guilty of misbehavior, the aggrieved party has his appeal, in which the cause may be reviewed, on either ground.  If they have found a verdict against the weight of evidence, the appellate courts will not reverse the judgment on that ground, if there is evidence to warrant the verdict.  If the losing party moves the court to set aside the verdict, because against the weight of evidence, and his motion is sustained, and another jury finds the same way, and he is again moved to set it aside, the statute says it shall not be granted ; but, if the court should think that the verdict is against the weight of evidence, it may overrule the motion, and then of its own motion, set aside the verdict, if the position of counsel for Judge Adams is correct. We cannot conceive that the statute countenances such a judicial farce.  The court of appeals seems to have overlooked the distinction between a motion to set aside a verdict, because the jury has erred in a matter of law, or been guilty of misconduct, and one alleging that the verdict is against the weight of evidence.  An error in matter of law is one which the court ought to have the right to correct, at any time during the term.  For misconduct of a jury the court ought, also, to have the power to set aside their verdict, in order to maintain its own dignity, and to preserve the purity of the administration of justice.

For the causes named in section 3705, the court, of its own motion, may set aside the verdict.  Its common law power, in that respect, is not abridged by the statute. On other grounds than those specified in that section, the court cannot, of its own motion, set aside the verdict.  If once, it could do so twice, or oftener, and the party aggrieved by the verdict in the first instance, could have as

many new trials as the court might feel inclined to award him. If the court can, of its own motion, in the first instance, set aside the verdict because against the weight of evidence, it would, on the second trial, be an answer to the motion for a new trial filed by the party against whom the verdict was rendered on the first trial, that he had once had a new trial, and this result might follow : The verdict of the first jury may have been satisfactory to him ; the second jury may, if he was defendant, find a larger, or, if plaintiff, a smaller sum than was awarded in the first verdict ; and the first time he has asked or desired a new trial he is refused, because the court has seen proper to set aside a verdict, which both parties were willing to abide by.

If the defendant in a cause denies any liability to plaintiff and the jury finds against him, it is, on the face of the record, in his favor, if the court of its own motion sets aside the verdict. If the plaintiff recovers less than he claims, it is in his favor, on the face of the record, if the court sets aside the verdict of its own motion. It may, in fact, be otherwise. Hence the impropriety of the court, of its own motion setting aside the verdict unless asked to do so by the party aggrieved, if the cause for setting it aside, be other than those specified in the statute. The statute seems to recognize and maintain the sanctity of the trial by jury, and section 3705 was evidently intended to prevent any interference with the verdict after one new trial granted, on any other grounds than a mistake of law, or such misconduct on the part of the jury, as impeaches the integrity of their verdict. It does not appear in his order setting aside the verdict, upon what grounds Judge Adams made it. It may have been for one of the causes named in the statute, and there is enough in the record, we think, to have justified him in making the order for the first cause specified in section 3705. We must assume that, if there was any ground upon which his action could be maintained, it was based upon that, and not upon another that would not maintain it.

The judgment of the court of appeals is reversed and the cause remanded to that court, with directions to enter a judgment refusing the peremptory writ.   All concur ; Sherwood, J., in the result.