No. 10091.

THE STATE EX REL. THOMAS HENDERSON vs. JOHN McCREA, JUSTICE OF THE PEACE FOR THE SEVENTH WARD, PARISH OF ST. BERNARD.

The objection that the supervisory powers of this Court cannot be exercised in appealable cases, is obsolete and has become a legal nuisance.

It is only where a judgment has been rendered by a justice of the peace in the presence of the parties that notification of it can be dispensed with.

It is only when thus rendered, or after notice thereof has been given, that the delay to make the judgment final begins to run.

Act 24 of 1876, which amends article C. P. 575 so as to dispense with notice of judgment, where answer was filed or citation was served personally, applies to district courts and not to justices.

A defendant is always in time to apply for a new trial where the judgment was not rendered in his presence and where he was not notified of its rendition.

A justice of the peace, like all other magistrates, has the right to grant a new trial, either on motion of the aggreived party, or *proprio motu*, where he considers his previous finding erroneous.

A justice of the peace has the right to assign a case for trial on giving the parties notice and sufficient time to summon their witnesses.

A justice of the peace has no authority, where the plaintiff does not appear on the day of trial, to hear evidence by the defendant, in the absence of a reconventional demand, or the like, to pass upon the merits of the cause and render a judgment for the defendant and against the plaintiff, condemning the latter to pay a specified amount as costs.

The only judgment which he could have rendered was one of *non suit*. In acting otherwise he has exceeded the bounds of his jurisdiction.

Under the showing, the judgment rendered and complained of is irregular and the execution issued under it, is unwarranted.    .

Relator is entitled to relief.

A PPLICATION for Certiorari and Prohibition.

*Sam. Henderson, Jr.*, for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *certiorari* and for a *prohibition*.

The complaint is that the justice of the peace has illegally set aside two final judgments in favor of the relator, on which executions had issued and seizure effected; that, in the absence of the plaintiff, he has, on a new trial granted, rendered a judgment on evidence heard in favor of defendant and by default against plaintiff, for the costs, liquidated at $20 thereby, and that on this last judgment execution has issued; under which, property of plaintiff has been levied upon and advertised for sale.

The charge is, therefore, that the proceedings are *irregular* and that the justice has exceeded the bounds of his jurisdiction.

In the return, it is urged, that the remedy sought cannot be allowed in an appealable case and that the justice had a right to grant a new trial, which was asked seasonably.

The first objection is obsolete and utterly groundless. Under Article 90 of the Constitution, this Court can exercise its supervisory powers over all inferior courts, in all cases, whether appealable or not.

This has been so frequently decided, that pleas of that character have become legal nuisances.

The transcript of the proceedings before the justice of the peace show that the judgments, to which the relator refers, were *not* rendered in the presence of the parties and were *not* notified to the defendant, as is required by article C. P. 1139 on the subject of justices of the peace.

It is only where the judgment is rendered in the presence of the parties, that notification may be dispensed with; and it is only where the judgment is thus rendered, or notified, that the delay to make it final begins to run.

Reliance on Act No. 24 of 1876, amending article 575 C. P. and dispensing with notice where answer has been filed and citation personally served, can afford relator no relief, as it relates to district courts and not to justices of the peace. State ex rel. R. R. Co. vs. Hufft, 39 Ann. p.

Hence it follows that the executions issued prematurely and that the defendant, being in time, could apply for a new trial.

Independently of any prayer for such relief it was discretionary with the justice, as it is with all judges, to have set aside his previous findings if he thought them erroneous and to have reheard the cases.

The transcript does not show at whose instance the cases were refixed for trial; but this is immaterial, as the Code, Art. 1084, provides that a justice may fix such a day and hour as he thinks proper, allowing sufficient time to the parties to summon their witnesses, if it be necessary.

It does not appear that the plaintiff was present at the second trial and offered any evidence, while it is shown that defendant was in attendance and tendered proof which the justice considered.

In the absence of the plaintiff and of any evidence in his behalf and of any demand in reconvention, or such like, from defendant, the justice was without authority to pass upon the merits of the cases, to render judgment for defendant, thus exonerating him from liability to plaintiff and against plaintiff, condemning him explicitly to pay $20 costs.

All the justice could have done legally was to have *non suited* the plaintiff, C. P., 536, but without specifying any amount. 3 Ann. 660; 4 Ann. 176; 15 Ann. 299.

The judgment complained of and the proceedings conducive thereto are on the face of the papers absolutely irregular and must be annulled. Being such, the execution issued against the plaintiff is unwarranted and the seizure of his property illegal. In acting as he has done, the justice has exceeded the bounds of his jurisdiction.

The relator is entitled to relief. C. P. 845.

It is therefore ordered and decreed that the judgment rendered on the 16th of December, 1887, and the execution issued thereunder be avoided and annulled and that the justice of the peace, respondent herein, be directed to try the cause anew in conformity with the provisions of the law. C. P. 864. And, it is further ordered that the restraining order herein issued be made peremptory and that relator recover his costs. C. P. 866.