JACOB ELLIS *vs.* LEWIS GINSBURG.

Suffolk.    January 11, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Power of Court to set aside Verdict and order New Trial.*

While a judge, in acting upon a motion for a new trial of an action, must conform
to the rules of the court and to the settled principles of law, the pendency of
such a motion does not annul or suspend his power upon his own motion to set
aside the verdict and order a new trial "for any cause for which a new trial
may by law be granted," under Pub. Sts. c. 153, § 6.

If a motion to set aside the verdict in an action because contrary to the evidence

could not be granted, for the reason that a rule of the court had not been complied with, and another motion to set aside the verdict because of newly discovered evidence could not be granted, for the reasons that the evidence was not in the legal sense newly discovered, or was cumulative, or was in contradiction of the moving party and his other witnesses, or because the failure to produce it at the trial was not accounted for or excused, or for other like reasons, nevertheless if in dealing with those motions the judge became convinced that legal grounds existed for ordering a new trial, and for that reason alone set the verdict aside and ordered a new trial, if he had evidence before him from which he could find facts which made a "cause for which a new trial may by law be granted," under Pub. Sts. c. 153, § 6, it is immaterial how he may have ruled in answer to the requests made in the hearing of the motions.

A new trial of an action "may by law be granted," under Pub. Sts. c. 153, § 6, where the court is satisfied that, by reason of some accident, mistake, or misfortune in the conduct of the trial, a new trial is necessary to prevent a failure of justice.

CONTRACT upon two promissory notes, and for money had and received.

At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant filed a motion for a new trial, on the ground that the verdict was against the evidence and the weight of the evidence, but failed to deliver a copy thereof to the plaintiff's attorney, as required by Rule 46 of that court. The defendant subsequently filed another motion to set aside the verdict, and for a new trial, on the ground of newly discovered evidence, and also filed in support of the latter motion the affidavits of Abraham Bilafsky, Thomas P. Kennedy, Morris Fleischer, and Louis Goldsmith, respectively. Bilafsky stated that he was a witness at the trial, and that in his testimony he "unintentionally made a mistake in regard to the facts" which he testified to, and gave the particulars as to which his testimony was incorrect. The other affiants were not witnesses at the trial, Fleischer and Goldsmith deposing as to certain conversations had with the plaintiff after the trial.

The two motions were heard together, and the defendant offered no excuse for failing to produce the witness Kennedy at the trial, except that the importance of his evidence had not been anticipated. The plaintiff objected to the allowance of the first motion, on the ground that no copy of the motion had been delivered to him, as required by Rule 46 of the court; and the judge for that reason took no action on this motion.

The plaintiff also objected to the allowance of the second motion, because the affidavits contained no legal ground for setting aside the verdict and ordering a new trial; because the affidavit of Bilafsky contained no new evidence, but only a change of testimony on a point on which the witness had been fully examined and which had been called to his attention at the trial; because the point was not material to the issue in the case; because the new testimony, as offered by the affidavit, was in direct contradiction of the defendant and of the other witnesses offered on his behalf, and was cumulative, and tended to corroborate the plaintiff's evidence; because the new evidence offered in the affidavit of Kennedy was in direct contradiction of the defendant and of the other witnesses offered on his behalf; and because the failure to produce the witness at the trial was in no way accounted for or excused. The judge overruled the plaintiff's objections to the allowance of this motion, ruled and found that the affidavits showed legal grounds for ordering a new trial; and for that reason alone set aside the verdict and ordered a new trial, but said that on the affidavits of Fleischer and Goldsmith alone he would not grant a new trial. The plaintiff alleged exceptions.

*H. E. Warner*, for the plaintiff.

*P. H. Cooney*, for the defendant.

BARKER, J. The record before us shows abundant power in the justice of the Superior Court to set aside the verdict and to order a new trial. Under Pub. Sts. c. 153, § 6, "The courts may, at any time before judgment in a civil action, set aside the verdict, and order a new trial, for any cause for which a new trial may by law be granted." This power may be exercised by the court of its own motion; and while in acting upon motions for a new trial made by parties to the cause the court must conform to the rules of the court and to the settled principles of law, the pendency of a motion for a new trial made by a party does not annul or suspend the power of the court, upon its own motion, to set aside the verdict and order a new trial for any cause for which a new trial may by law be granted. So in the present case, assuming that the judge could not grant the defendant's motion to set aside the verdict because contrary to the evidence for the reason that Rule 46 had not

been complied with, and that he could not grant the defendant's motion to set aside the verdict because of newly discovered evidence, for the reasons that the evidence was not in the legal sense newly discovered, or was cumulative, or was in contradiction of the defendant and his other witnesses, or because the failure to produce it at the trial was not accounted for or excused, or for other like reasons, nevertheless if in dealing with those motions the judge became convinced that legal grounds existed for ordering a new trial, and did for that reason alone set the verdict aside and order a new trial, he was justified in so doing upon his own motion, and, if he had evidence before him from which he could find facts which made a " cause for which a new trial may by law be granted," it is immaterial how he may have ruled in answer to the requests made in the hearing of the defendant's motions.   A new trial may by law be granted where the court " is satisfied that, by reason of some accident, mistake, or misfortune in the conduct of the trial, a new trial is necessary to prevent a failure of justice."   *Greene* v. *Farlow*, 138 Mass. 146.   *Cutler* v. *Rice*, 14 Pick. 494.   *De Giou* v. *Dover*, Anst. 517.   *Richardson* v. *Fisher*, 1 Bing. 145.   The statements of the bill of exceptions show abundant reason to justify the judge in finding upon the affidavits and his own knowledge of the trial such mistake and misfortune.   It is not stated that he granted the defendant's motion, and it is the fair inference from the bill of exceptions that the presiding justice acted independently of that motion in setting the verdict aside.

*Exceptions overruled.*