A. P. TATLOW, Trustee, Appellant, v. T. A. H. GRANTHAM, Respondent.

St. Louis Court of Appeals, May 12, 1896.

PER BOND, J.

When there is such misconduct on the part of a juror and of counsel for the successful party that prejudice to the defeated party may have arisen, a new trial will be granted unless it appears that such prejudice did not in fact result.

*Appeal from the Greene Circuit Court.*—HON. E. A. BARBOUR, Special Judge.

AFFIRMED.

*F. S. Heffernan* for appellant.

*Rathbun & Son* for respondent.

BOND, J.—This is an action of replevin, the plaintiff claiming title as trustee under a trust deed made to him for the benefit of certain creditors. The defendant, the sheriff of Greene county, held the property prior to its replevy under a writ of attachment levied thereon in favor of a creditor of the grantor in the trust deed. The answer of defendant averred that the trust deed was fraudulent to the knowledge of plaintiff, and demanded a return of the property. Plaintiff had judgment. Defendant filed a motion for new trial on the ground, among others, of misbehavior in the jury, in that one of them demanded and received money from the attorney for plaintiff "whilst said cause was on trial before said jury." The court sustained the motion for new trial on this ground, from which ruling plaintiff appeals.

The right to set aside a verdict for misbehavior of the jury is highly discretionary in the trial court. R. S. 1889, section 2241; *State ex rel. v. Adams,* 84 Mo. 310, 316; *Kennedy v. Holladay,* 105 Mo. 24. The ground of the motion for new trial upon which the court based its ruling was supported by the following affidavit, filed at the time by defendant's attorney:

"W. A. Rathbun upon oath states that in the trial of the case of Tatlow *v.* Grantham, sheriff, on the last day of the trial, and as court was just adjourning for dinner, one of the jurors, S. M. Brake, stepped down

from the jury box and told Mr. Heffernan, one of attorneys for plaintiff, 'that he would have to help him a little more,' or words in substance to that effect. And I have since learned that Mr. Heffernan let him have $2 prior to that time, and probably something at that time as they left the court room together. And affiant believes that said juryman obtained said money on account of his official position as juryman."

Thereupon plaintiff introduced as his witness the attorney of defendant who made the foregoing affidavit, whose testimony tended to show that during the progress of the trial of this cause, and when it was adjourned on Wednesday for dinner, witness heard juror Brake say to plaintiff's attorney "he would have to have a little more;" that, when court reconvened after dinner, the cause was soon thereafter submitted to the jury, who returned a verdict for plaintiff; that witness did not learn until the next day that $3 had been loaned said juror by plaintiff's counsel, $2 at one time, and $1 at another; that witness supposed that this transaction had some influence on the juror's mind; that his suspicions were aroused at the time he overheard the request of said juror; and that he did not inform his associate counsel of them until after the verdict was rendered. The juror in question was examined on behalf of plaintiff, and testified that he had known plaintiff's attorney for a long time; that he was subpoenaed as juror while paying a visit to the town; that he lived about seven or eight miles out of the town; that he had no money in his pocket wherewith to pay his expenses; that he tried to borrow from others, and borrowed the $3 from plaintiff's attorney for the purpose of paying his own expenses and the keep of his horse during the progress of the case; that the jury considered the case after its submission from three quarters of an hour to an hour before returning

their verdict; that the loan in question did not influence his action as a juror, nor bias his mind.

There is nothing in the foregoing testimony to show that defendant's attorneys were advised of the fact, that money had actually been loaned by plaintiff's attorney to juror Brake, until after the verdict was rendered. Hence, plaintiff can not invoke the rule, that parties urging misconduct of the jury as a reason for a new trial must call the attention of the court to such misconduct when it is discovered, or as soon thereafter as the course of proceedings will permit. Thompson & Merriam on Juries, sec. 428. The law is well settled that, if the moving party shows such misconduct that prejudice may have resulted from it, a new trial will be granted unless the successful party shows that in fact prejudice did not result. In the present case we can not say from the foregoing evidence that prejudice might not have resulted from the fact, that one of the jurors was accommodated by a loan of money by the attorney of the prevailing party. It is essential, in the orderly conduct of the administration of justice, that the purity of its proceedings should not be open to rational suspicion. We do not think the trial court abused its discretion in sustaining the motion for a new trial on the ground alleged under the facts and circumstances in this case. ROMBAUER and BIGGS, JJ., are of opinion that, if the judgment herein had clearly been for the right party in other respects, the question, whether the circuit court properly exercised its discretion in setting it aside on the sole ground as hereinabove stated, would admit of serious doubt. They, however, have examined the record, and find that the court would have been well warranted in granting a new trial for errors of law in the trial, and for the reason that the verdict was against the great weight of

the evidence, and hence they concur in the result reached. The order granting the new trial will, therefore, be affirmed. All concur.