MARIE HENSLEY, Appellant, v. DAVIDSON BROS. Co.

**Former decision as law of the case.** The decision of the Supreme
1  Court on appeal becomes the law of the case on a retrial, and the lower court must follow it whether right or wrong.

**New trial:** POWER OF COURT TO GRANT ON ITS OWN MOTION. The
2  court has power under certain circumstances to grant a new trial on its own motion; but where the Supreme Court has reversed an order directing a verdict for one party for the reason that, under the evidence the issues should have been submitted to the jury, the court, upon a retrial and verdict for the other party based upon the same evidence, should not set the verdict aside but should render judgment thereon.

**Same:** A new trial should not be granted because of a want of
3  evidence to support the verdict alone, where the evidence in favor of the party having the burden of proof is such that the cause was properly submitted to the jury.

**Same:** SPECIFICATION OF GROUNDS. It is not the Appellate Court's
4  duty to search for reasons in support of an order for new trial, but the grounds for making the order should be made to appear in the record.

McCLAIN and BISHOP, JJ., dissenting.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

MONDAY, JUNE 10, 1907.

ACTION for damages.   The facts are recited in the opinion filed on the first appeal.   103 N. W. 975.   A second trial resulted in a verdict for the plaintiff which the court, on its own motion, set aside.   From this ruling the plaintiff has appealed.— *Reversed.*

*Ryan, Ryan & Ryan,* for appellant.

*Carr, Hewitt, Parker & Wright,* for appellee.

LADD, J.— The law of the case was settled on the former appeal (103 N. W. 975) ; and, whether right or wrong, that ruling in so far as applicable to this case is a part of the irrevocable past.   That adjudication is binding on the parties, and it was the imperative duty of the district court to follow it.

1. FORMER DECISION AS LAW OF THE CASE.

The evidence was substantially the same as that introduced on the former trial; the only differences being that plaintiff testified that she saw the defendant's team before getting out of the wagon to go to the depot, concerning which no inquiry had been made before, and some variance in McDaniel's testimony bearing on his credibility as a witness. The records differ in no important particulars, such as might be persuasive that a different conclusion with reference to the submission of the cause to the jury should be reached.

No objections or rulings of any kind prior to the submission of the cause to the jury are to be found in the record, and no exceptions to the instructions were saved.   Nevertheless, when the jury returned into court with a verdict for the plaintiff, the court "immediately upon reading said verdict, on its own motion," set it aside.   Had this been done to correct some ruling in the course of the trial not necessary to challenge by motion in order to be renewed, a different question would be presented; but nothing previous had occurred to which the able counsel on either side had thought it worth while to

2. NEW TRIAL: power of court to grant on its own motion.

save an exception. (The ruling must have been owing to some supposed error lurking in the verdict which might have furnished the basis of a motion for new trial by the party aggrieved.) An omission to so raise it would have been a waiver. For all that appears from the record, such might have been defendant's purpose. Our statute enumerates the grounds on which new trials shall be granted on application of the aggrieved party. Section 3755, Code. But there is no provision in the Code relating to orders of this kind on the court's own motion. That such right exists, however, is indisputable. It is one of the inherent powers of the court essential to the administration of justice. In *Rex v. Gough,* 2 Dong. 791, Lord Mansfield declared that, even though too late for a motion, if enough appeared, the court could grant a new trial, and in *Rex v. Atkinson,* 5 Term R. 437, note, is quoted as saying that, though too late for a motion, " if the court conceive a doubt that justice is not done, it is never too late to grant a new trial." In *Rex v. Holt,* 5 Term R. 436, Lord Kenyon said he well remembered *Rex v. Gough,* " where the objection to the verdict was taken by the court themselves," and Buller, J., observed, in concurring, that " after four days the party could not be heard on motion for new trial, but only in arrest of judgment; but if, in the course of that address, it incidentally appear that justice has not been done, the court will interpose of themselves." In *Weber v. Kirkendall,* 44 Neb. 766 (63 N. W. 35), it is said that the power of courts of general jurisdiction, in the correction of errors committed by them, " is exercised, not alone on account of their solicitude for the rights of litigants, but also in justice to themselves as instruments provided for the impartial administration of the law." - And such is the view generally entertained by the courts in this country. *Allen v. Wheeler,* 54 Iowa, 628 ; *Ellis v. Ginsburg,* 163 Mass. 143 (39 N. E. 800) ; *Standard Milling Co. v. White Line Central Transit Co.,* 122 Mo. 258 (26 S. W. 704) ; *State ex rel Henderson v. McCrea,* 40 La. Ann. 20 (3 South.

380); *Bank of Willmar v. Lawler,* 78 Minn. 135 (80 N. W. 868); *Com. v. Gabor,* 209 Pa. 201 (58 Atl. 278); Thompson, Trials, 2411; *State ex rel Brainerd v. Adams,* 84 Mo. 310.

In the last case the court, in upholding the power, pertinently inquired: " If the court commits a palpable error in an instruction to the jury, or witnesses misconduct of members of the jury, which, on motion, would authorize it to set aside the verdict, shall it on account of the ignorance or timidity of the aggrieved party which prevents him from moving in the matter, render an unjust judgment on the verdict? If the jury find a verdict palpably against the law as declared by the court, is it powerless to maintain its own dignity and self-respect, unless some one who feels aggrieved shall move in the matter?"

In several of the States the grounds on which the courts may act on their own motion in granting a trial are specified by statute construed by the courts to exclude all others. *Townley v. Adams,* 118 Cal. 382 (50 Pac. 550); *Clement v. Barnes,* 6 S. D. 483 (61 N. W. 1126); *State ex rel. Brainerd v. Adams, supra.* Where the authority is found in the statutes the consensus of opinion seems to be that the ruling must be entered promptly upon the return of the verdict. *Clements v. Barns, supra; Gould v. Elevator Co.,* 2 N. D. 216 (50 N. W. 969). See *Long v. Kingfisher Co.,* 5 Okl. 128 (47 Pac. 1063); 14 Ency. P. & P. 932. And several courts have indicated without deciding that the order must be entered within the time within which a motion for new trial must be filed. That a motion therefor is pending will not deprive the court of the power to order a new trial on grounds not raised therein. This must necessarily be so, for one of the controlling reasons for the existence of the power is to enable the court to guard the rights of parties, who, for some cause, have proven unable to protect themselves, and another to enable the court to correct its errors rather than wait for this to be done by the Appellate Court. But

resort to this power will rarely be required, and it should be exercised with great caution and in aggravated cases only. Ample provisions are to be found in the Code of Procedure for the protection of litigants on their own application, and for the court to interpose, without affording the defeated party an opportunity to elect, whether he will accept the result, lays it open to the suspicion of partisanship. It is preferable to leave something to the attorneys engaged in the litigation.

Especially was this true in the case at bar, as judgment therein for the defendant on a directed verdict had been reversed by this court, and the evidence held to be such as to require that the issues be submitted to the jury. Of what force is the opinion of this court that a case is made out for the jury if the district court can evade the ruling by setting aside the verdict when returned, and even then with the scant consideration evidenced by not waiting for objection by the losing party? If this can be done once, it may be repeated, and through orders granting new trials the effect of the decision entirely obviated. The rule which precludes this court from reviewing, revising, or reversing a decision on a former appeal is equally binding on the district court. *Mc-Fall v. Railway,* 104 Iowa, 50; *Babcock v. Railway,* 72 Iowa, 199; *Garretson v. Ins. Co.,* 92 Iowa, 295; *Burlington, Cedar Rapids & N. R. Co. v. Dey,* 89 Iowa, 24.

If, then a new trial was granted on the same ground on which a verdict for defendant was directed on the former trial, the ruling cannot be sustained. Upon great consideration this court held in *Meyer v. Houck,* 85 Iowa, 319, that the trial judge should direct a verdict whenever, considering all the evidence, it would be his duty to set aside the verdict if returned in favor of the party upon whom the burden of proof rested. The converse of this proposition necessarily follows; that is, a new trial ought not to be granted when the evidence in favor of the party having the burden of proof is such that the cause

3. Same.

should be submitted to the jury.   On the former appeal we
held that the cause should have been submitted to the jury,
and this in effect was an adjudication that a verdict, if re-
turned for plaintiff, would have such support in the evidence
as to preclude the granting of a new trial on that ground
alone.   Any question of presumption ordinarily indulged
in favor of the ruling of the trial judge or discretion in the
matter of granting new trials is obviated by the record.   The
record is conclusively presumed to contain everything es-
sential to the determination of all points raised in argument.
*McGillivary Bros. v. Case,* 107 Iowa, 17; *King v. Hart,* 110
Iowa, 618.

Counsel conceded in oral argument that the damages
allowed were not excessive, and there is nothing in the record
to warrant the suspicion that the jury may have been actu-
ated by improper motives.   The only other ground possible
upon which the motion could have been sustained was the
supposed insufficiency of the evidence.   As said before, this
was substantially the same as that on the former trial, and
was adjudicated by this court to be sufficient to carry the
cause to the jury.   Under our system of jurisprudence
the jurors are the triors of issues of fact in actions at
law, and for the court to interfere with their find-
ings solely on the ground of the insufficiency of the evidence
after it has been adjudicated to be sufficient to sustain their
verdict is necessarily an encroachment on their proper func-
tions.   We are unable to discover any tenable ground for the
ruling of the court, and the order setting aside the verdict
and granting a new trial must be reversed.

We have discussed the case on the theory that all possi-
bility that the ruling might be correct must be excluded by
the examination of the record.   It should not be inferred,
however, that it is any part of this court's
4. SAME: specification of grounds. duty to search for reasons to sustain an or-
der for new trial when neither the *nisi prius*
court nor the party in whose favor the ruling has been en-

tered has taken the trouble to make the grounds thereof a part of the record. While the inherent right exists to make such a ruling, the grounds for doing so should be made to appear in the record. If the court does not do this, the party in whose favor the ruling is made, in protection of the record, may insist that the ground of the ruling be entered. This may be done by an appropriate motion and the action of the court made quite as intelligible as though it had waited for the parties to make up the record in the ordinary way and according to customary judicial procedure.

The order is reversed and the cause remanded for judgment on the verdict.— *Reversed.*

McCLAIN, J. (dissenting).— If I correctly interpret the conclusion of the majority, their opinion may properly be cited in support of the general proposition that, whenever there is sufficient evidence to require submission of a case to the jury, it is necessarily error on the part of the court to set aside a verdict. To this proposition I cannot assent. The direction of a verdict is conclusive. It prevents a trial of any issue of fact to a jury. The granting of a new trial leaves the case still open. The judge may be satisfied that, while there is an apparent conflict in the evidence, the testimony on the one side or the other is so far discredited or incredible that justice requires the submission of the issue to another jury. If the result of a second trial is the same, he may not be justified in again interfering. The jurors primarily are charged with the duty of weighing conflicting testimony and determining the credibility of the witnesses; but the trial judge is also charged with a duty to prevent manifest injustice. He is entitled to a presumption in favor of his rulings, and, when the result is to award a new trial, we rarely interfere. The trial judge who heard the evidence in this case was in a situation to exercise a better judgment than this court can now exercise in reviewing his action. I

think his ruling granting a new trial should not be reversed.

BISHOP, J.— I concur in the view expressed by Mc-CLAIN, J.