Argued Oct. 31, decided Nov. 14, 1911, Rehearing denied Jan. 23, 1912.

## DE VALL v. DE VALL.

[118 Pac. 843: 120 Pac. 13.]

APPEAL AND ERROR—EXTENT OF REVIEW—APPEAL FROM ORDER GRANTING NEW TRIAL.

1. Where, on an appeal taken from an order setting aside a judgment and granting a new trial on the ground of the giving of an erroneous instruction, there is no bill of exceptions or contention that the instruction was not improper, its propriety cannot be reviewed.

NEW TRIAL—AUTHORITY TO GRANT—POWER OF COURT—STATUTES.

2. By Section 174, L. O. L., providing that former judgments may be set aside and new trials granted "on the motion of the party aggrieved," a trial court is not precluded from exercising its inherent power to set aside a verdict of its own motion; and the setting aside of a judgment for a reason not set forth in a motion to set aside is therefore proper.

NEW TRIAL—POWER TO GRANT.

3. Courts of general common-law jurisdiction have inherent power to grant new trials; and the power will not be deemed to have been taken away by statute, unless intent to do so is clear.

NEW TRIAL—POWER TO GRANT.

4. Sections 173-178, L. O. L., authorizing motions for new trial, has reference solely to motions for new trial, and does not restrict the common-law power of courts to correct their own mistakes.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Beatrice De Vall against Thomas De Vall to recover judgment for the sum of $1,008, with interest and costs, upon a decree of the circuit court of the State of Wisconsin. This is the second appeal. For a full statement of the issues, see the same case in 57 Or. 128 (109 Pac. 755).

Upon the second trial had on November 19, 1910, before a jury, verdict was rendered for the defendant, and judgment entered thereon. Thereafter, on the same day, a motion for a new trial was filed by plaintiff upon the following causes: (1) Because the court erred in overruling plaintiff's objection to the reception of any evidence under the answer. (2) Because the court erred in admitting evidence against the objection of plaintiff. (3) Because the court erred in refusing to receive evidence offered by plaintiff upon the trial. (4) Because the verdict was contrary to law. (5) Because the verdict was contrary to the evidence. (6) Because the court erred in refusing to direct a verdict upon the motion of plaintiff to find and bring a verdict for plaintiff.

February 14, 1911, being at the same term of the court, upon consideration of such motion, the court made the following order:

"This cause coming on to be heard this day, on the motion of plaintiff, asking that a judgment heretofore rendered herein be set aside and a new trial granted, plaintiff appearing by her attorney, Thos. M. Dill, and

defendant appearing by his attorney, A. S. Cooley, and the court having carefully considered and weighed all the evndence introduced on the trial of this case, and having considered the entire record herein, including the instructions given to the jurors, and it appearing that, among the instructions given by the court to the jury, was the following, 'Upon the other hand, if the defendant has satisfied you by a preponderance of the evidence that said M. C. Porter was not served with said notice on said 24th day of April, 1907, or that renewal of said notice at the October term of said court was not given to the said Porter, then you should find for the defendant,' and the court believing that said instruction was erroneous, under the evidence introduced on the trial of this case, and that said instruction was prejudicial to plaintiff, therefore, because of the giving of said erroneous instruction as above quoted, and for no other reason or reasons, it is ordered and adjudged that the judgment heretofore rendered in this case be and the same is hereby set aside, and a new trial is hereby granted."

From this order, defendant appealed, under Section 548, L. O. L.                              AFFIRMED.

For appellant there was a brief over the names of *Mr. John P. Rusk* and *Mr. Thomas M. Dill,* with an oral argument by *Mr. Dill.*

For respondent there was a brief with an oral argument by *Mr. A. S. Cooley.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. It thus appears that, although there was a motion to set aside the verdict, the court in its discretion set aside such motion on the ground of error not assigned in it, and the contention of defendant is that the court had no authority to set aside a verdict upon its own motion, nor upon a ground not assigned in the motion. There is no bill of exception here, and the defendant does not contend that the instruction mentioned in the order was not erroneous. Therefore the only question to be considered

is as to the power of the court to set aside a judgment and grant a new trial, either on its own motion, or upon a ground of error not assigned in the motion. Although there seems to be some conflict of opinion upon this question, the great weight of authority sustains the view that courts of general jurisdiction have inherent power to correct judicial errors for the purpose of promoting impartial administration of justice, and the right of a court to grant a new trial on its own motion is generally recognized. The Oklahoma Supreme Court, in *Long* v. *County Commissioners*, 5 Okl. 128 (47 Pac. 1063), has held directly to the contrary, citing no authority, other than its own statute, the language of which is not materially different from that of other states relating to the granting of new trials. Section 4493, Code of 1903, relating to motions for new trial, provides that "the former verdict * * shall be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party," and then names five causes which may be included in such motion, being identical with those in other states.

The Supreme Court of Texas has held to the same effect in *Lloyd* v. *Brinck et al.*, 35 Tex. 1. The North Dakota statute expressly authorizes the court on its own motion to vacate a verdict for certain causes which has the effect to preclude the consideration of any others. The statutes of California and South Dakota have similar provisions and therefore have no application upon this question. On the contrary, the Code of Iowa of 1897, § 3755, provides that "the former verdict * * shall be vacated and a new trial granted on the application of the party aggrieved," etc., being the exact language of the Oklahoma statute.

In *Allen* v. *Wheeler*, 54 Iowa, 631 (7 N. W. 113), in considering the power of the court to grant a new trial on its own motion, it is said that this statute "does not provide that the court may not, upon its own motion, and

for error which is apparent, set aside a verdict. Such power exists at common law, and we do not understand that any provision of our statute is a limitation to the power of the court on its own motion to compel juries to observe and follow the law as embodied in the instructions given by the court." And in a late case (*Hensley* v. *Davidson Bros. Co.*, 135 Iowa, 106 [112 N. W. 227] ), it is said that:

"There is no provision in the Code relating to orders of this kind on the court's own motion. That such right exists, however, is indisputable. It is one of the inherent powers of the court essential to the administration of justice."

And, after citing many cases to that effect, and quoting from some, the court say:

"That a motion therefore, if pending, will not deprive the court of the power to order a new trial on grounds not raised therein. This must necessarily be so, for one of the controlling reasons for the existence of the power is to entitle the court to guard the rights of the parties who, for some cause, have proven unable to protect themselves, and another to enable the court to correct its error, rather than wait for this to be done by the appellate court."

To this case there is appended a note in 14 Am. & Eng. Ann. Cas. 65, reviewing the authorities, in which the author says that this power is generally recognized; that the provisions of the statute regulating motions for new trial do not prevent the court from granting a new trial on its own motion. The Minnesota Code of 1905, § 4198, is very similar to that of Iowa and Oklahoma, and in *Bank of Willmar* v. *Lawler*, 78 Minn. 136 (80 N. W. 868), it is said:

"Appellant contends that, as our statute provides that the notice of motion for a new trial shall be in writing, and shall state the grounds of the motion, the court

below had no authority to grant a new trial on its own
motion. Under the common-law practice, it was well set-
tled that the trial court could grant a new trial on its own
motion. * * Our Code of Civil Procedure does not
expressly cut off this power of the court, and, in our
opinion, does not do so by implication, although the Code
may to some extent limit or modify that power. * * The
provisions of such a statute, regulating motions for a new
trial, do not prevent the court in a proper case from
granting a new trial on its own motion."

In *State ex rel.* v. *Adams,* 84 Mo. 315, it is said:

"If the court commits a palpable error in an instruction
to the jury, or witnesses misconduct of members of the
jury, which on motion would authorize it to set aside the
verdict, shall it, on account of the ignorance or timidity
of the aggrieved party, which prevents him from moving
in the matter, render an unjust judgment on the verdict?
If the jury find a verdict palpably against the law as
declared by the court, is it powerless to maintain its own
dignity and self respect, unless some one who feels
aggrieved shall move in the matter? That this power may
be abused by the court is no argument against its exist-
ence. The appellate courts will find a way to correct any
abuse of the power by the lower courts. It is conceded
by the Court of Appeals, in the opinion delivered in this
cause, that, at common law, this power could be exercised
by the courts, independent of any application by a party
for its exercise. * * And that our statute, prescribing
the time within which a party may file a motion to set
aside a verdict, does not confer upon the court any power
which did not previously exist, or abridge the recognized
power of the court, but simply regulated the privilege of
the parties to the suit."

In *Hewitt* v. *Steele,* 118 Mo. 473 (24 S. W. 440), it
is held that the court is not confined to the grounds
assigned in the motion, but may consider any good cause,

and the appellate court, in reviewing the action of the trial court, will not be confined to the grounds stated in the order of the court, but may consider any ground set out in the motion. The Nebraska Code of 1891, § 4835, is in effect identical with that of Iowa, and in *Weber* v. *Kirkendall,* 44 Neb. 766, 769 (63 N. W. 35, 36), the court say:

"We do not doubt the power of the trial court to re-examine its record, and to set aside a verdict on account of prejudicial error on its own motion, in the absence of a request by either party. * * The rule thus recognized has not only the sanction of authority, but rests upon the soundest and most satisfactory reasons. The power is inherent."

Additional cases recognizing this power are *Cleveland R. Co.* v. *Miller,* 165 Ind. 387 (74 N. E. 509) ; *Ft. Wayne R. Co.* v. *Donovan,* 110 Mich. 173 (68 N. W. 115) ; *Schmidt* v. *Brown,* 80 Hun (N. Y.) 183; *Eggen* v. *Fox,* 124 Wis. 534 (102 N. W. 1054). See, also, 29 Cyc. 929.

This was also the rule in Massachusetts prior to 1897. *Ellis* v. *Ginsburg,* 163 Mass. 143 (39 N. E. 800). But by a legislative act of that year it was provided that a verdict shall not be set aside, except by a motion in writing, which, it has been held, takes from the court the power to act upon its own motion: *Pierson* v. *Boston El. R. Co.,* 191 Mass. 229 (77 N. E. 769). These authorities, however, recognize the fact that it is within the power of the court to abuse this right, and that it should only be exercised in extreme cases where, without it, there would be a miscarriage of justice.

In *Bank of Willmar* v. *Lawler,* 78 Minn. 136 (80 N. W. 868), it is said that, as a general rule, the trial courts should not exercise this power, except in aggravated cases; and in *Hensley* v. *Davidson Bros. Co.,* 135 Iowa 106 (112 N. W. 227), it is said that "Resort to this power

will rarely be required, and it should be exercised with great caution and in aggravated cases only. Ample provisions are to be found in the Code of Procedure for the protection of litigants on their own application, and for the court to interfere, without affording the defeated party an opportunity to elect whether he will accept the result, lays it open to the suspicion of partisanship."

2. Thus we see that, by virtue of the inherent power of the court, it has authority, on its own motion, or for causes other than those assigned in a motion, to set aside a judgment and grant a new trial, unless such power of the court has been limited by statute. The statute of Oregon (Section 174, L. O. L.), relating to motions for new trials, is in effect the same as that of Iowa, above quoted, namely:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party," etc.

It contains no limitation upon the power of the court to set aside a judgment and grant a new trial upon its own motion, and it was within the court's discretion to set the judgment aside, if error appeared in the record that did or might result in a miscarriage of justice. The court only sought to rectify its own error in giving the instruction mentioned, which instruction we must assume was erroneous, and this was within its power that the rights of the litigant might be protected, and also in justice to the court, as responsible for the impartial administration of the law.

*Scott* v. *Ford,* 52 Or. 288 (97 Pac. 99), is cited by counsel for defendant as controlling in this case; but in that case there was no motion by the respondent to set aside the findings, and no error was committed on the trial as constituting a basis for an order vacating a

verdict. But the order was made for the purpose of giving the plaintiff an opportunity to amend his pleadings, and it is practically conceded in the opinion, at page 299, that the court may set aside the verdict on its own motion, "where it appears that it has been imposed upon in an *ex parte* proceeding or the verdict entered through improper or collusive agreements, etc., and that the court would have the power essential to its protection and that of the public under such circumstances (*State ex rel.* v. *Adams,* 84 Mo. 310, 316), but that question was not involved here."

The case cited in the above quotation says that "an error in matter of law is one which the court ought to have the right to correct at any time during the term," so that the result in the case of *Scott* v. *Ford* is not opposed to the conclusion we have reached in this case. As said in *Hensley* v. *Davidson Bros. Co.,* 135 Iowa 106 (112 N. W. 227), occasion to do so will seldom arise and the power should be exercised only to prevent a wrong to one of the parties by correcting the error or misconduct of the jury, or an error committed by the court itself. But, so far as the record discloses, this is a case within the latter exception. The trial court concluded that it gave an erroneous instruction, tending to mislead the jury.

The order of the court, vacating the judgment and granting a new trial, is affirmed.    AFFIRMED.

Decided January 23, 1912.

## ON PETITION FOR REHEARING.

[120 Pac. 13.]

MR. JUSTICE MCBRIDE delivered the opinion of the court.

3. The power to grant new trials is in its inception a common-law right. 3 Blackstone (Lewis' ed.) § 387. Courts of general common-law jurisdiction have inherent power to grant new trials; this power is not taken

away by statute, unless the intent to do so is clear. 29 Cyc. 722, and cases there cited. Statutes limiting this power are in derogation of the common law, and such statutes should be strictly construed: *Furgeson* v. *Jones,* 17 Or. 204 (20 Pac. 842: 3 L. R. A. 620: 11 Am. St. Rep. 808).

4. In our opinion, Chapter 8, Title II, L. O. L., has reference exclusively to motions for new trial made by the parties, and was not intended to restrict the common-law power of the courts in order to correct their own mistakes. The motion practically takes the place of a pleading, and the statute, for the sake of orderly procedure, specifies the time within which the pleading shall be filed, and what it shall contain; but it was not the intention of the lawmakers, in thus regulating the manner in which the parties should carry on their contention before the court, to take away another important power which the court possessed, namely, that of correcting *sua sponte* its own mistakes. This is the view intimated by Mr. Chief Justice FIELD, in *Duff* v. *Fisher,* 15 Cal. 375. He observes:

"It may be and probably is true that the court, whether sitting in equity or on trial of a common-law action, may, of its own motion, set aside the verdict of a jury when it is clearly and palpably against the evidence; but when the court is satisfied with the verdict the parties can only question its correctness by following the course pointed out by the statute."

This excerpt clearly draws the distinction between the power of the court derived from the common law and the rights of a party proceeding under the statute. The exercise of the power of the court to correct its own error is a valuable one tending to prevent appeals and reversals and it should not be construed away where the intent of the legislature to destroy it is not clearly manifest.

The petition for rehearing is denied.

AFFIRMED: REHEARING DENIED.